EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Burlington Coat Factory Warehouse Corporation and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Amanda Gonzalez and Audrina Gonzalezon behalf of themself, all others similarly situated, and on behalf of the general public.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 27 2018

BY _____
RAFAEL HERNANDEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino | **CASE NUMBER:**<br>*(Número del Caso):* CIVDS1804785 |
| --- | --- |

247 West Third Street
San Bernardino, CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley & Mara Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

| DATE:<br>*(Fecha)* FEB 27 2018 | Clerk, by<br>*(Secretario)* _____ Rafael Hernandez | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

(SEAL)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
   Jamie Serb, Esq. (289601)
2  Tony Roberts, Esq. (315595)
   Alexandra Shipman, Esq. (314883)
3  THE TURLEY & MARA LAW FIRM, APLC
   7428 Trade Street
   San Diego, California 92121
4  Telephone: (619) 234-2833
   Facsimile: (619) 234-4048

5  Attorneys for AMANDA GONZALEZ and AUDRIANA GONZALEZ, on behalf of themselves,
   all others similarly situated, and on behalf of the general public.

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       IN AND FOR THE COUNTY OF SAN BERNARDINO
8

| | |
|---|---|
| 9  AMANDA GONZALEZ and AUDRIANA GONZALEZ on behalf of themselves, all others similarly situated, and on behalf of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> BURLINGTON COAT FACTORY WAREHOUSE CORPORATION; and DOES 1-100, <br><br> Defendants. | Case No.  CIVDS1804785 <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION** <br><br> 1) **Failure to Pay All Straight Time Wages;** <br> 2) **Failure to Pay All Overtime Wages;** <br> 3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8 § 11090);** <br> 4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090);** <br> 5) **Failure to Authorize and Permit Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title 8 § 3395);** <br> 6) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);** <br> 7) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203); and** <br> 8) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).** <br> 9) **Failure to Produce Personnel Records (Lab. Code § 1198.5)** <br> 10) **Failure to Produce Wage Records (Lab. Code § 226(f))** <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT                                1

1       Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of

2   themselves, all others similarly situated, and on behalf of the general public, complains of

3   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

4   and for causes of action and alleges:

5   1.   This is a class action pursuant to California Code of Civil Procedure section 382 on behalf

6        of Plaintiffs, AMANDA GONZALEZ AND AUDRIANA GONZALEZ, and all non-

7        exempt, hourly workers, receiving associates, retail sales associates, store loss prevention

8        associates, warehouse workers, industrial workers, shippers, stockers, and/or other similar

9        job designations and titles who are presently or formerly employed by BURLINGTON

10       COAT FACTORY WAREHOUSE CORPORATION and/or DOES and/or their

11       subsidiaries or affiliated companies and/or predecessors within the State of California.

12  2.   At all times mentioned herein, BURLINGTON COAT FACTORY WAREHOUSE

13       CORPORATION and/or DOES have conducted business in San Bernardino County and

14       elsewhere within California.

15  3.   At all times mentioned herein, BURLINGTON COAT FACTORY WAREHOUSE

16       CORPORATION and/or subsidiaries or affiliated companies and/or DOES, within the

17       State of California, have, among other things, employed current and former non-exempt

18       employees.

19  4.   At all times mentioned herein, the common policies and practices of BURLINGTON

20       COAT FACTORY WAREHOUSE CORPORATION and/or DOES were a direct cause of

21       Defendant's and/or DOES' failure to comply with California's wage and hours laws, Wage

22       Orders, and/or the California Labor Code, as set forth more fully within.

23  5.   For at least four (4) years prior to the filing of this action and through to the present,

24       Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

25       DOES have had a consistent policy and/or practice of not paying Plaintiffs and its Non-

26       Exempt Employees for all of the hours they worked.

27  6.   For at least four (4) years prior to the filing of this action and through to the present,

28       Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

1    DOES have had a continuous and widespread policy of not paying Plaintiffs and those

2    similarly situated for all hours they worked, including before clocking in for their work

3    shift, after clocking out for their work shift, and during unpaid meal periods. Further,

4    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

5    DOES have had a continuous and widespread policy to shave the time Plaintiffs and those

6    similarly situated worked (referred to as "time shaving").

7   7.    For at least four (4) years prior to the filing of this action and through to the present,

8    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

9    DOES have had a continuous and widespread policy of "clocking-out" Plaintiffs and those

10    similarly situated for thirty (30) minute meal periods, even though Plaintiffs and those

11    similarly situated were suffered and/or permitted to work during these deduction periods,

12    thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

13   8.    For at least four (4) years prior to the filing of this action and through to the present,

14    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

15    DOES have had a consistent policy and/or practice of failing to provide all straight time

16    and overtime wages owed to Non-Exempt Employees, as mandated under the California

17    Labor Code and the implementing rules and regulations of the Industrial Welfare

18    Commission's ("IWC") California Wage Orders.

19   9.    For at least four (4) years prior to the filing of this action and through to the present,

20    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

21    DOES have had a consistent policy of requiring Non-Exempt Employees within the State

22    of California, including Plaintiffs, to work through meal periods and work at least five (5)

23    hours without a meal period and failing to pay such employees one (1) hour of pay at the

24    employees' regular rate of compensation for each workday that the meal period is not

25    provided, or other compensation, as required by California's state wage and hour laws, and

26    automatically deducting a half hours pay from their wages.

27   10.    For at least four (4) years prior to filing of this action and through the present, Defendant

28    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES did

1    not have a policy of allowing its hourly employees working shifts of ten (10) or more hours

2    in a day to take a second meal period of not less than thirty (30) minutes as required by the

3    applicable Wage Order of the IWC.

4    11.  For at least four (4) years prior to the filing of this action and through to the present,

5    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

6    DOES have had a consistent policy of requiring Non-Exempt Employees within the State

7    of California, including Plaintiffs, to work over ten (10) hours without providing an

8    additional, uninterrupted meal period of thirty (30) minutes and failing to pay such

9    employees one (1) hour of pay at the employees' regular rate of compensation for each

10   workday that the meal period is not provided, or other compensation, as required by

11   California's state wage and hour laws.

12   12.  For at least four (4) years prior to the filing of this action and through to the present,

13   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

14   DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees

15   within the State of California, including Plaintiffs, to work for over four hours, or a major

16   fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1)

17   hour of pay at the employees' regular rate of compensation for each workday that the rest

18   period is not provide, or other compensation, as required by California's state wage and

19   hour laws.

20   13.  For at least four (4) years prior to the filing of this action and through to the present,

21   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

22   DOES have had a consistent policy and/or practice of failing to provide Plaintiffs and its

23   Non-Exempt Employees with cool down recovery periods in accordance with California

24   Code of Regulations, Title 8, section 3395.

25   14.  For at least four (4) years prior to the filing of this action and through to the present,

26   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

27   DOES and/or their officers and/or managing agents have had a consistent policy and/or

28   practice of willfully failing to provide to Plaintiffs and its Non-Exempt Employees,

1    accurate itemized employee wage statements.

2  15.    For at least four (4) years prior to the filing of this action and through to the present,

3        Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

4        DOES and/or their officers and/or managing agents have had a consistent policy and/or

5        practice of willfully failing to timely pay wages owed to Plaintiffs and those Non-Exempt

6        Employees who left Defendant BURLINGTON COAT FACTORY WAREHOUSE

7        CORPORATION and/or DOES employ or who were terminated.

8  16.    For at least four (4) years prior to the filing of this action and through to the present,

9        BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, by

10      failing to lawfully pay Plaintiffs and those similarly situated all the wages they are owed,

11      engaged in false, unfair, fraudulent, and deceptive business practices within the meaning

12      of the Business and Professions Code section 17200, et seq.

13  17.    Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE

14      CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated

15      Non Exempt Employees, were not provided all straight time and overtime wages owed,

16      meal periods and rest periods, or compensation in lieu thereof, as mandated under the

17      California Labor Code, and the implementing rules and regulations of the Industrial

18      Welfare Commissions ("IWC") California Wage Orders.

19  18.    Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE

20      CORPORATION and/or DOES employees, including Plaintiffs and similarly situated

21      Non-Exempt Employees were not provided with accurate and itemized employee wage

22      statements.

23  19.    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

24      failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage

25      statements all hourly compensation and accurately reporting total hours worked by

26      Plaintiffs and the members of the proposed class. Plaintiffs and members of the proposed

27      class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor

28      Code section 226(b).

20. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiffs and members of the proposed class.

21. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' failure to retain accurate records of total hours worked by Plaintiffs and the proposed class was willful and deliberate, was a continuous breach of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' duty owed to Plaintiffs and the proposed class.

22. Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

23. Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not provided with a copy of their personnel records when requested.

24. Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not provided with a copy of their wage records records when requested.

25. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES are and were aware that Plaintiffs and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' denial of wages and other compensation due to Plaintiffs and members of the proposed class was willful and deliberate.

26. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiffs and the proposed class, creating a joint-employer relationship over Plaintiffs and the proposed class.

27. Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of themselves and all of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' Non-Exempt Employees, brings this action pursuant to California Labor Code sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

28. Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of themselves and all putative Class members made up of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' non-exempt employees, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

I. **VENUE**

29. Venue as to each Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES conduct business and commit Labor Code violations within San Bernardino County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Bernardino County. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES employ numerous Class members who work in San

1    Bernardino County, in California.

2    **II.    PARTIES**

3    A.    Plaintiffs.

4    30.    At all relevant times, herein, Plaintiffs AMANDA GONZALEZ AND AUDRIANA

5    GONZALEZ are and were residents of California. At all relevant times, herein, they were

6    employed by Defendant BURLINGTON COAT FACTORY WAREHOUSE

7    CORPORATION and/or DOES within the last four (4) years as a non-exempt, hourly

8    warehouse worker in California..

9    31.    On information and belief, Plaintiffs and all other members of the proposed class

10    experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE

11    CORPORATION'S and/or DOES' common company policies of failing to pay all straight

12    time and overtime wages owed.

13    32.    On information and belief, Plaintiffs and all other members of the proposed class

14    experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE

15    CORPORATION'S and/or DOES' common company policies of illegally deducting

16    wages from employees for meal periods during which they were performing work.

17    33.    On information and belief, Plaintiffs and all other members of the proposed class

18    experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE

19    CORPORATION'S and/or DOES' common company policies and/or practices of failing

20    to pay all straight time and overtime wages owed, and failing to provide compliant meal

21    periods to employees before the end of their fifth hour of work or a second meal period

22    before the end of the tenth hour or work, or compensation in lieu thereof.

23    34.    On information and belief, Plaintiffs and all other members of the proposed class

24    experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE

25    CORPORATION'S and/or DOES' common company policies of failing to provide ten

26    (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions

27    thereof.

28    35.    On information and belief, Plaintiffs and all other members of the proposed class

experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide cool down recovery periods.

36. On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide personnel files when requested.

37. On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide wage records when requested.

38. On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiffs, with accurate itemized wage statements was willful.

39. On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendant's and/or DOES' failure to pay, in a timely manner, compensation owed to Non-Exempt Employees, including Plaintiffs, upon termination of their employment with BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES was willful.

40. On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' fraudulent and deceptive business practices within the

1    meaning of the Business and Professions Code section 17200, et seq.

2    41.  Plaintiffs and the proposed class are covered by, inter alia, California IWC Occupational

3         Wage Order No. 9-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

4    **B.**   **Defendants**.

5    42.  At all relevant times herein, BURLINGTON COAT FACTORY WAREHOUSE

6         CORPORATION and/or DOES engage in the ownership and operation of facilities which

7         provide clothing, shoes, merchandise and other retail products in the State of California.

8    43.  According to the Burlington Coat Factory website, "Burlington is a leading off-price

9         apparel    and    home    product    retailer".    BURLINGTON    COAT    FACTORY,

10        www.burlingtoncoatfactory.com (Last visited Jan. 22, 2018). Burlington Coat Factory

11        claims to "operate 567 stores in 45 states and Puerto Rico, where you'll find a large

12        assortment of current, high-quality, designer and name-brand merchandise at up to 65%

13        off other retailers' prices". *Id.*

14   44.  Burlington Coat factory boasts the "Our Burlington" philosophy, which creates "a

15        supportive, results-driven, diverse and fun place ... to work, learn and grow". *Id.*

16   45.  They claim to support this philosophy with an "annual 'Your Voice' survey helps [them]

17        understand the associate experience, evaluate [their] performance, identify [their]

18        strengths, and pinpoint areas of opportunity for improvement". *Id.*

19   46.  Burlington Coat Factory claims that this annual survey recently resulted in "over 70% of

20        associates who participated would recommend Burlington as a great place to work!" *Id.*

21   47.  With this "Our Burlington" philosophy and "Your Voice" survey, it appears that

22        Burlington Coat Factory values their employees and their employees' well-being.

23        However, this favorable appearance is fractured when Burlington's valuing of their

24        employees doesn't extend to paying those same employees their full deserved wages.

25   48.  On information and belief, BURLINGTON COAT FACTORY WAREHOUSE

26        CORPORATION and/or DOES exercised control over the wages, hours, and/or working

27        conditions of Plaintiffs and members of the proposed class throughout the liability period.

28   49.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

1     principal place of business is in the State of California.

2   50.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

3     Defendants DOES 1-100, inclusive, are presently unknown to Plaintiffs, who therefore

4     sues these Defendants by such fictitious names under Code of Civil Procedure section 474.

5     Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants

6     designated herein as a DOE is legally responsible in some manner for the unlawful acts

7     referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the

8     true names and capacities of the Defendants designated hereinafter as DOES when such

9     identities become known.

10   51.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant and/or

11     DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or

12     DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto,

13     and the acts of each Defendants and/or DOES are legally attributable to the other

14     Defendants and/or DOES.

15 **III.**   **CLASS ACTION ALLEGATIONS**

16   52.    Plaintiffs brings this action on behalf of themselves and all others similarly situated as a

17     class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiffs

18     seeks to represent a Class composed of and defined as follows:

19

20         All persons who are employed or have been employed by Defendant

21         in the State of California as hourly, Non-Exempt workers, receiving

22         associates, retail sales associates, store loss prevention associates,

23         warehouse workers, industrial workers, shippers, stockers, and/or

24         other similar job designations and titles who are presently or

25         formerly employed by BURLINGTON COAT FACTORY

26         WAREHOUSE CORPORATION and/or DOES and/or their

27         subsidiaries or affiliated companies and/or predecessors within the

28         State of California during the period of the relevant statute of

1        limitations.

2

3     Plaintiffs also seeks to represent subclasses composed of and defined as follows:

4

5              All persons who are or have been employed by BURLINGTON

6              COAT FACTORY WAREHOUSE CORPORATION and/or DOES

7              in the State of California as hourly, Non-Exempt workers, receiving

8              associates, retail sales associates, store loss prevention associates,

9              warehouse workers, industrial workers, shippers, stockers, and/or

10             other similar job designations and titles during the period of the

11             relevant statute of limitations; who worked one (1) or more shifts in

12             excess of five (5) hours.

13

14             All persons who are or have been employed by BURLINGTON

15             COAT FACTORY WAREHOUSE CORPORATION and/or DOES

16             in the State of California as hourly, Non-Exempt workers, receiving

17             associates, retail sales associates, store loss prevention associates,

18             warehouse workers, industrial workers, shippers, stockers, and/or

19             other similar job designations and titles during the period of the

20             relevant statute of limitations, who worked one (1) or more shifts in

21             excess of six (6) hours.

22

23             All persons who are or have been employed by BURLINGTON

24             COAT FACTORY WAREHOUSE CORPORATION and/or DOES

25             in the State of California as hourly, Non-Exempt workers, receiving

26             associates, retail sales associates, store loss prevention associates,

27             warehouse workers, industrial workers, shippers, stockers, and/or

28             other similar job designations and titles during the period of the

1   relevant statute of limitations, who worked one (1) or more shifts in

2   excess of ten (10) hours.

3

4   All persons who are or have been employed by BURLINGTON

5   COAT FACTORY WAREHOUSE CORPORATION and/or DOES

6   in the State of California as hourly, Non-Exempt workers, receiving

7   associates, retail sales associates, store loss prevention associates,

8   warehouse workers, industrial workers, shippers, stockers, and/or

9   other similar job designations and titles during the period of the

10   relevant statute of limitations, who worked one (1) or more shifts in

11   excess of twelve (12) hours.

12

13   All persons who are or have been employed by BURLINGTON

14   COAT FACTORY WAREHOUSE CORPORATION and/or DOES

15   in the State of California as hourly, Non-Exempt workers, receiving

16   associates, retail sales associates, store loss prevention associates,

17   warehouse workers, industrial workers, shippers, stockers, and/or

18   other similar job designations and titles during the period of the

19   relevant statute of limitations, who worked one (1) or more shifts in

20   excess of two (2) hours.

21

22   All persons who are or have been employed by BURLINGTON

23   COAT FACTORY WAREHOUSE CORPORATION and/or DOES

24   in the State of California as hourly, Non-Exempt workers, receiving

25   associates, retail sales associates, store loss prevention associates,

26   warehouse workers, industrial workers, shippers, stockers, and/or

27   other similar job designations and titles during the period of the

28   relevant statute of limitations, who worked one (1) or more shifts in

1   excess of three (3) hour and one-half hours, but less than or equal to

2   six (6) hours.

3

4   All persons who are or have been employed by BURLINGTON

5   COAT FACTORY WAREHOUSE CORPORATION and/or DOES

6   in the State of California as hourly, Non-Exempt workers, receiving

7   associates, retail sales associates, store loss prevention associates,

8   warehouse workers, industrial workers, shippers, stockers, and/or

9   other similar job designations and titles during the period of the

10   relevant statute of limitations, who worked one (1) or more shifts in

11   excess of six (6) hours, but less than or equal to ten (10) hours.

12

13   All persons who are or have been employed by BURLINGTON

14   COAT FACTORY WAREHOUSE CORPORATION and/or DOES

15   in the State of California as hourly, Non-Exempt workers, receiving

16   associates, retail sales associates, store loss prevention associates,

17   warehouse workers, industrial workers, shippers, stockers, and/or

18   other similar job designations and titles during the period of the

19   relevant statute of limitations, who worked one (1) or more shifts in

20   excess of ten (10) hours.

21

22   All persons who are or have been employed by BURLINGTON

23   COAT FACTORY WAREHOUSE CORPORATION and/or DOES

24   in the State of California as hourly, Non-Exempt workers, receiving

25   associates, retail sales associates, store loss prevention associates,

26   warehouse workers, industrial workers, shippers, stockers, and/or

27   other similar job designations and titles during the period of the

28   relevant statute of limitations, who separated their employment from

1    Defendant.

2

3         All persons who are or have been employed by BURLINGTON
4         COAT FACTORY WAREHOUSE CORPORATION and/or DOES
5         in the State of California as hourly, Non-Exempt workers, receiving
6         associates, retail sales associates, store loss prevention associates,
7         warehouse workers, industrial workers, shippers, stockers, and/or
8         other similar job designations and titles during the period of the
9         relevant statute of limitations, who worked one (1) or more shifts in
10        which they received a wage statement for the corresponding pay
11        period.

12

13        All persons who are or have been employed by BURLINGTON
14        COAT FACTORY WAREHOUSE CORPORATION and/or DOES
15        in the State of California as hourly, Non-Exempt workers, receiving
16        associates, retail sales associates, store loss prevention associates,
17        warehouse workers, industrial workers, shippers, stockers, and/or
18        other similar job designations and titles during the period of the
19        relevant statute of limitations, who were deducted wages for meal
20        periods.

21

22   53.  Plaintiffs reserves the right under rule 1855, subdivision (b), California Rules of Court, to
23        amend or modify the Class description with greater specificity or further division into
24        subclasses or limitation to particular issues.

25   54.  This action has been brought and may properly be maintained as a class action under the
26        provisions of section 382 of the California Code of Civil Procedure because there is a well-
27        defined community of interest in the litigation and the proposed Class is easily
28        ascertainable.

**A.    Numerosity.**

55.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiffs are informed and believe that BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES currently employ, and during the liability period employed, over one hundred (100) employees, all in the State of California, in positions as hourly non-exempt employees.

56.    Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiffs alleges BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employment records will provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

**B.    Commonality.**

57.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

> (1)    Whether BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

> (2)    Whether BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

> (3)    Whether BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by

failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES violated Labor Code section 226.7 and/or California Code of Regulations, Title 8, section 3395, by failing to authorize, permit, and/or provide recovery periods to its hourly, non-exempt employees in accordance with section 3395.

(5)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employ or who were terminated.

(6)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employ or who were terminated.

(7)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who

1        left    BURLINGTON    COAT    FACTORY    WAREHOUSE

2        CORPORATION'S and/or DOES' employ or who were terminated.

3   58.  The answer to each of these respective questions will generate a common answer capable

4        of resolving class-wide liability in one stroke.

5   59.  Said common questions predominate over any individualized issues and/or questions

6        affecting only individual members.

7   C.   **Typicality.**

8   60.  The claims of the named Plaintiffs are typical of the claims of the proposed class. Plaintiffs

9        and all members of the proposed class sustained injuries and damages arising out of and

10       caused by BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or

11       DOES' common course of conduct in violation of laws and regulations that have the force

12       and effect of law and statutes as alleged.

13  61.  Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ were subjected to the

14       same uniform policies and/or practices complained of herein that affected all such

15       employees. Thus, as AMANDA GONZALEZ AND AUDRIANA GONZALEZ were

16       subjected to the same unlawful policies and practices as all hourly non-exempt employees,

17       their claims are typical of the class they seek to represent.

18  D.   **Adequacy of Representation.**

19  62.  Plaintiffs will fairly and adequately represent and protect the interests of the members of

20       the Class.

21  63.  Plaintiffs are ready and willing to take the time necessary to help litigate this case.

22  64.  Plaintiffs have no conflicts that will disallow them to fairly and adequately represent and

23       protect the interests of the members of the Class.

24  65.  Counsel who represent Plaintiffs are competent and experienced in litigating large

25       employment class actions.

26  66.  Specifically, William Turley, Esq., David Mara, Esq., Jamie Serb, Esq., Tony Roberts,

27       Esq., and Alexandra Shipman, Esq. are California lawyers in good standing.

28  67.  Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a

1  featured speaker on many ACI Wage and Hour Class Action presentations and Consumer

2  Attorney of California Wage and Hour Class Action presentations.

3  68.  Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

4  69.  Mr. Turley and Mr. Mara wrote winning amicus briefs in two very worker friendly

5  California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257

6  and *Williams v. Superior Court* (decided July 13, 2017).

7  70.  Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected

8  to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr.

9  Turley is currently on and has been a member of the Consumer Attorneys of California

10  Amicus Curie Committee for over 20 years.

11  71.  Mr. Turley has had over 100 legal articles published, including some on California Labor

12  Code.

13  72.  Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme

14  Court case, Brinker v. Superior Court and have been appointed as class counsel in many

15  California wage and hour cases, in both State Court and Federal Court.

16  73.  Mr. Turley testified before the California Senate in a committee hearing on September 3,

17  2015, regarding the new piece-rate bill, California Labor Code § 226.2.

18  74.  On April 12, 2016 and April 20, 2016, Mr. Turley testified in front of the California Senate

19  regarding an amendment to California Labor Code §§ 2698, *et seq*, the "Private Attorneys

20  General Act" or "PAGA." Furthermore, Mr. Turley also participated in drafting the new

21  amendment to PAGA.

22  75.  The Turley & Mara Law Firm, APLC have the resources to take this case to trial and

23  judgment, if necessary.

24  76.  Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously

25  prosecute this case.

26  E.  **Superiority of Class Action.**

27  77.  A class action is superior to other available means for the fair and efficient adjudication of

28  this controversy. Individual joinder of all Class members is not practicable, and questions

1    of law and fact common to the Class predominate over any questions affecting only

2    individual members of the Class. Each member of the Class has been damaged and is

3    entitled to recovery by reason of BURLINGTON COAT FACTORY WAREHOUSE

4    CORPORATION'S and/or DOES' illegal policies and/or practices of failing to pay all

5    straight time and overtime wages owed, failing to permit or authorize rest periods, failing

6    to provide meal periods, failing to provide personnel records, failing to produce wage

7    records, knowingly and intentionally failing to comply with wage statement requirements,

8    and failing to pay all wages due at termination.

9  78.  Class action treatment will allow those similarly situated persons to litigate their claims in

10    the manner that is most efficient and economical for the parties and the judicial system.

11    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

12    management of this action that would preclude its maintenance as a class action.

13  79.  Because such common questions predominate over any individualized issues and/or

14    questions affecting only individual members, class resolution is superior to other methods

15    for fair and efficient adjudication.

16  **IV.**  **CAUSES OF ACTION**

17    **First Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**
18    **CORPORATION and/or DOES: Failure to Pay All Straight Time Wages**

19  80.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each

20    and every other paragraph in this Complaint herein as if fully plead.

21  81.  Defendant and/or DOES have had a continuous policy of not paying Plaintiffs and those

22    similarly situated for all hours worked.

23  82.  It is fundamental that an employer must pay its employees for all time worked. California

24    Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

25    Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section

26    223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section

27    1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only

28    permits deductions from wages when the employer is required or empowered to do so by

1  state or federal law or when the deduction is expressly authorized in writing by the
2  employee for specified purposes that do not have the effect of reducing the agreed upon
3  wage.

4  83.  Plaintiffs and those similarly situated Class members were employed by BURLINGTON
5  COAT FACTORY WAREHOUSE CORPORATION and/or DOES at all relevant times.
6  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES were
7  required to compensate Plaintiffs for all hours worked and were prohibited from making
8  deductions that had the effect of reducing the agreed upon wage.

9  84.  Defendant and/or DOES have a continuous and consistent policy of clocking-out Plaintiffs
10  and those similarly situated for a thirty (30) minute meal period, even though Plaintiffs and
11  all members of the Class work through their meal periods. Thus, BURLINGTON COAT
12  FACTORY WAREHOUSE CORPORATION and/or DOES do not pay Plaintiffs and each
13  and every member of the Class for all time worked each and every day they work without
14  a meal period and have time deducted.

15  85.  ·  Plaintiffs and those similarly situated Class members are informed and believe and thereon
16  allege that BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or
17  DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the
18  wages earned when Plaintiffs' and the Class members' actual time records indicate that a
19  meal period was not taken. BURLINGTON COAT FACTORY WAREHOUSE
20  CORPORATION and/or DOES did not make reasonable efforts to determine whether the
21  time deducted was actually worked as reported by Plaintiffs and Class members.
22  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES,
23  without a reasonable basis, presumed that actual reported hours had not been accurately
24  reported. The conduct complained of is a form of what is sometimes called "dinging,"
25  "shaving," or "scrubbing" and is prohibited by law.

26  86.  Defendant and/or DOES have a continuous and consistent policy of not paying Plaintiffs
27  and those similarly situated for all time worked, including before Plaintiffs and those
28  similarly situated clock in for work shifts and after they clock out after work shifts.

87. Defendant and/or DOES have a continuous and consistent policy of shaving the time Plaintiffs and those similarly situated work (referred to as "time shaving").

88. Thus, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES shave/steal earned wages from Plaintiffs and each and every member of the Class each and every day they work. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have not paid Plaintiffs and the members of the Class all straight time wages owed.

89. Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

90. As a direct result of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' policy of illegal wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

91. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Second Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Pay All Overtime Wages**

92. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

93. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by

1 | state or federal law or when the deduction is expressly authorized in writing by the
2 | employee for specified purposes that do not have the effect of reducing the agreed upon
3 | wage.

4 | 94. | BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
5 | failed to pay overtime when employees worked over eight (8) hours per day and when
6 | employees worked over forty (40) hours per week.

7 | 95. | Plaintiffs and those similarly situated Class members were employed by BURLINGTON
8 | COAT FACTORY WAREHOUSE CORPORATION and/or DOES at all relevant times.
9 | BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES were
10 | required to compensate Plaintiffs for all overtime hours worked and were prohibited from
11 | making deductions that had the effect of reducing the agreed upon wage.

12 | 96. | BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
13 | failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item
14 | 3(A).

15 | 97. | Plaintiffs and the Class members are informed and believe and thereon allege that as a
16 | direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiffs and
17 | the Class members have suffered, and continue to suffer, substantial unpaid overtime
18 | wages, and lost interest on such overtime wages, and expenses and attorneys' fees in
19 | seeking to compel BURLINGTON COAT FACTORY WAREHOUSE CORPORATION
20 | and/or DOES to fully perform their obligations under state law, all to their respective
21 | damage in amounts according to proof at time of trial. BURLINGTON COAT FACTORY
22 | WAREHOUSE CORPORATION and/or DOES committed the acts alleged herein
23 | knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs
24 | and the Class members. BURLINGTON COAT FACTORY WAREHOUSE
25 | CORPORATION and/or DOES acted with malice or in conscious disregard of Plaintiffs'
26 | and the Class Member's rights. In addition to compensation, Plaintiffs are also entitled to
27 | . any penalties allowed by law.

28 | 98. | WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

below.

**Third Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

99.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

100.    Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

101.    In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

102.    Under California Labor Code section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

103.    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES non-exempt employees were required to work over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

104.    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt

1    Employees for every five (5) continuous hours worked.

2    105.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES'
3          business model is such that Non-Exempt Employees were assigned too much work and
4          insufficient help due to chronic understaffing to be able to take meal periods. Thus, Non-
5          Exempt Employees are not able to take meal periods.

6    106.  Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE
7          CORPORATION and/or DOES had a pattern and practice of assigning too much work to
8          be completed in too short of time frames, resulting in Plaintiffs and those similarly situated
9          not being able to take meal periods.

10   107.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
11         would not permit Plaintiffs and the Class to take 30-minute meal periods unless specifically
12         scheduled by Defendant and/or DOES or unless Plaintiffs and the Class were expressly
13         told to by Defendant and/or DOES. This routinely resulted in Plaintiffs and the Class
14         members not being able to take a meal period, if at all, until after the fifth hour.

15   108.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES did
16         not have a policy of providing a second meal period before the end of the tenth hour.

17   109.  Failing to provide compensation for such unprovided or improperly provided meal periods,
18         as alleged above, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION
19         and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC
20         Wage Order No. 9.

21   110.  As a result of the unlawful acts of BURLINGTON COAT FACTORY WAREHOUSE
22         CORPORATION and/or DOES, Plaintiffs and the Class they seek to represent have been
23         deprived of premium wages, in amounts to be determined at trial, and are entitled to
24         recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,
25         pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001. Plaintiffs and the
26         Class they seek to represent did not willfully waive their right to take meal periods through
27         mutual    consent    with    BURLINGTON    COAT    FACTORY    WAREHOUSE
28         CORPORATION and/or DOES.

111.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fourth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

112.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

113.   Under IWC Wage Order No. 9, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

114.   Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

115.   At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

116.   In the alternative, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES business model was such that Non-Exempt Employees were assigned too much work with insufficient help due to chronic understaffing whereby Plaintiffs and the Class had to work through their rest periods.

117.   Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not being able to take rest periods.

118.   As a result of the unlawful acts of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, Plaintiffs and the Class they seek to represent have been

1    deprived of premium wages, in amounts to be determined at trial, and are entitled to

2    recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,

3    pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001.

4  119.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

5    below.

6    **Fifth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Provide Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title 8 § 3395)**

7

8  120.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each

9    and every other paragraph in this Complaint herein, as if fully plead.

10  121.  . Under California Code of Regulations, Title 8, section 3395(d)(1), "[w]hen the outdoor

11    temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and

12    maintain one or more areas with shade at all times while employees are present that are

13    either open to the air or provided with ventilation or cooling." Cal. Code of Reg. Title 8, §

14    3395(d)(1).  Furthermore, "[t]he amount of shade present shall be at least enough to

15    accommodate the number of employees on recovery or rest periods, so that they can sit in

16    a normal posture fully in the shade without having to be in physical contact with each

17    other." *Id.*

18  122.  "Employees shall be allowed and encouraged to take a preventative cool-down rest in the

19    shade when they feel need to do so to protect themselves from overheating." Cal. Code of

20    Reg. Title 8, § 3395(d)(3). "Such access to shade shall be permitted at all times." *Id.*

21  123.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

22    failed to permit access to shade and preventative cool down rest and/or recovery periods to

23    Plaintiff and the Class members when the temperature reached eighty (80) degrees

24    Fahrenheit.  However,  DEFENDANTS  BURLINGTON  COAT  FACTORY

25    WAREHOUSE CORPORATION and/or DOES do not allow and encourage Plaintiff and

26    the Class members to take preventative cool-down rest recovery periods in shaded areas

27    when the applicable temperatures are reached. Thus, DEFENDANTS BURLINGTON

28    COAT FACTORY WAREHOUSE CORPORATION and/or DOES failed to permit,

1    allow, or encourage Plaintiff and the Class members to take preventative cool down

2    recovery periods in the shade to protect against overheating when the temperature exceeds

3    eighty (80) degrees Fahrenheit.

4  124.  DEFENDANTS BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

5    and/or DOES failed to utilize any alternative procedures for providing access to shade or

6    equivalent protection to Plaintiff and the Class members. DEFENDANTS BURLINGTON

7    COAT FACTORY WAREHOUSE CORPORATION and/or DOES failed to implement

8    other cooling measures in lieu of shade at least as effective as shade in allowing employees

9    to cool.

10  125.  Therefore, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

11    DOES failed to provide preventative cool down rest and/or recovery periods to Plaintiff

12    and the Class members in accordance with California Code of Regulations, Title 8, section

13    3395.

14  126.  As a result of the unlawful acts of BURLINGTON COAT FACTORY WAREHOUSE

15    CORPORATION and/or DOES, Plaintiff and the Class he seeks to represent have been

16    deprived of premium wages, in amounts to be determined at trial, and are entitled to

17    recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,

18    pursuant to Labor Code section 226.7.

19  127.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

20    below.

**Sixth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

21  **CORPORATION and/or DOES: Knowing and Intentional Failure to Comply with**

22  **Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC**

**Wage Order No. 9; Cal. Code Regs., Title 8, § 11040)**

23  128.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each

24    and every other paragraph in this Complaint herein as if fully plead.

25  129.  Labor Code section 226 subdivision (a) requires Defendant and/or DOES to, inter alia,

26    itemize in wage statements and accurately report the total hours worked and total wages

27    earned. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

28

1     DOES have knowingly and intentionally failed to comply with Labor Code section 226,

2     subdivision (a), on each and every wage statement provided to Plaintiffs AMANDA

3     GONZALEZ AND AUDRIANA GONZALEZ and members of the proposed Class. ·

4   130.   Labor Code section 1174 requires BURLINGTON COAT FACTORY WAREHOUSE

5     CORPORATION and/or DOES to maintain and preserve, in a centralized location, records

6     showing the daily hours worked by and the wages paid to its employees. BURLINGTON

7     COAT FACTORY WAREHOUSE CORPORATION and/or DOES have knowingly and

8     intentionally failed to comply with Labor Code section 1174. The failure of

9     BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, and

10     each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code

11     section 1175.

12   131.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

13     failed to maintain accurate time records - as required by IWC Wage Order No. 9-2001(7),

14     and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the

15     employee begins and ends each work period, the total daily hours worked in itemized wage

16     statements, total wages, bonuses and/or incentives earned, and all deductions made.

17   132.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have

18     knowingly and intentionally failed to provide Plaintiffs and the Class members with

19     accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours

20     worked by the employee, . . . (4) all deductions, provided that all deductions made on

21     written orders of the employee may be aggregated and shown as one item, (5) net wages

22     earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name

23     of the employee and only the last four digits of his or her social security number or an

24     employee identification number other than a social security number, (8) the name and

25     address of the legal entity that is the employer and, if the employer is a farm labor

26     contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal

27     entity that secured the services of the employer, and (9) all applicable hourly rates in effect

28     during the pay period and the corresponding number of hours worked at each hourly rate

1   by the employee[.]" Labor Code section 226(a).

2   133.   As a direct result of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

3   and/or DOES unlawful acts, Plaintiffs and the Class they intend to represent have been

4   damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys'

5   fees, and costs, pursuant to Labor Code section 226.

6   134.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

7   below.

8   **Seventh Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

9

10   135.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each

11   and every other paragraph in this Complaint herein as if fully plead.

12   136.   Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ terminated their

13   employment with BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

14   and/or DOES.

15   137.   Whether Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ voluntarily

16   or involuntarily terminated their employment with BURLINGTON COAT FACTORY

17   WAREHOUSE CORPORATION and/or DOES, Defendant and/or DOES did not timely

18   pay their straight time wages owed at the time of their termination.

19   138.   Whether Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ voluntarily

20   or involuntarily terminated their employment with BURLINGTON COAT FACTORY

21   WAREHOUSE CORPORATION and/or DOES, Defendant and/or DOES did not timely

22   pay their overtime wages owed at the time of their termination.

23   139.   Whether Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ voluntarily

24   or involuntarily terminated their employment with BURLINGTON COAT FACTORY

25   WAREHOUSE CORPORATION and/or DOES, Defendant and/or DOES did not timely

26   pay their meal and/or rest period premiums owed at the time of their termination.

27   140.   Numerous members of the Class are no longer employed by BURLINGTON COAT

28   FACTORY WAREHOUSE CORPORATION and/or DOES. They were either fired or quit

1   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES'
2   employ. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or
3   DOES did not pay all timely wages owed at the time of their termination. BURLINGTON
4   COAT FACTORY WAREHOUSE CORPORATION and/or DOES did not pay all
5   premium wages owed at the time of their termination.

6   141.   Labor Code section 203 provides that, if an employer willfully fails to pay, without
7   abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5,
8   any wages of an employee who is discharged or who quits, the wages of the employee shall
9   continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or
10   until an action therefore is commenced.

11   142.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
12   failed to pay Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ a sum
13   certain at the time of their termination or within seventy-two (72) hours of their resignation,
14   and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions
15   of Labor Code section 203, Plaintiffs AMANDA GONZALEZ AND AUDRIANA
16   GONZALEZ are entitled to a penalty in the amount of their daily wage, multiplied by thirty
17   (30) days.

18   143.   When Plaintiffs and those members of the Class who are former employees of
19   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
20   separated from Defendant's and/or DOES' employ, Defendant and/or DOES willfully
21   failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest
22   period premiums owed at the time of termination.

23   144.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
24   failure to pay said wages to Plaintiffs AMANDA GONZALEZ AND AUDRIANA
25   GONZALEZ and members of the Class they seek to represent, was willful in that
26   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES and
27   each of them knew the wages to be due, but failed to pay them.

28   145.   As a consequence of BURLINGTON COAT FACTORY WAREHOUSE

1    CORPORATION'S and/or DOES' willful conduct in not paying wages owed at the time

2    of separation from employment, Plaintiffs AMANDA GONZALEZ AND AUDRIANA

3    GONZALEZ and members of the proposed Class are entitled to thirty (30) days' worth of

4    wages as a penalty under Labor Code section 203, together with interest thereon and

5    attorneys' fees and costs.

6  146.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

7         below.

**Eighth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**
8  **CORPORATION and/or DOES: Violation of Unfair Competition Law (California**
9  **Bus. & Prof. Code, § 17200, et seq.)**

10  147.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each

11         and every other paragraph in this Complaint herein as if fully plead.

12  148.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

13         failure to pay all straight time and overtime wages earned, failure to provide compliant

14         meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep

15         accurate records, failure to pay all wages due at time of termination, as alleged herein,

16         constitutes unlawful activity prohibited by California Business and Professions Code

17         section 17200, et seq.

18  149.  The actions of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

19         and/or DOES in failing to pay Plaintiffs and members of the proposed Class in a lawful

20         manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business

21         practices, within the meaning of California Business and Professions Code section 17200,

22         et seq.

23  150.  Plaintiffs are entitled to an injunction and other equitable relief against such unlawful

24         practices in order to prevent future damage, for which there is no adequate remedy at law,

25         and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as

26         members of the general public actually harmed and as a representative of all others subject

27         to BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

28         unlawful acts and practices.

          1

151. As a result of their unlawful acts, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they seek to represent. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiffs and members of the proposed Class.

152. Plaintiffs are informed and believe, and thereon alleges, that Plaintiffs and members of the proposed class are prejudiced BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES unfair trade practices.

153. As a direct and proximate result of the unfair business practices of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and enjoining BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES from engaging in the practices described herein.

154. The illegal conduct alleged herein is continuing, and there is no indication that BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES will cease and desist from such activity in the future. Plaintiffs alleges that if BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

155. Plaintiffs further requests that the Court issue a preliminary and permanent injunction prohibiting BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

1    DOES from continuing to not pay Plaintiffs and the members of the proposed Class

2    overtime wages as discussed herein.

3    156.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

4    below.

**Ninth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**
5    **CORPORATION and/or DOES: Failure to Provide Personnel Records Within 30**
6    **Days of Receiving Personnel File Requests from Employees (Lab. Code § 1198.5)**

7    157.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each

8    and every other paragraph in this Complaint herein as if fully plead.

9    158.   Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ requested their

10    personnel records and did not receive them.

11    159.   California law provides that current and former employees, as a matter of right, are entitled

12    to inspect and receive a copy of their personnel files and records. Pursuant to Labor Code

13    Section 1198.5, upon a written request from a current or former employee, or a

14    representative, the employer shall provide a copy of the personnel records not less than 30

15    calendar days from the date the employer receives the request.

16            (a) Every current and former employee, or his or her representative,
            has the right to inspect and receive a copy of the personnel records
17            that the employer maintains relating to the employee's performance
            or to any grievance concerning the employee.
18            (b) (1) The employer shall make the contents of those personnel
19            records available for inspection to the current or former employee,
            or his or her representative, at reasonable intervals and at reasonable
20            times, but not later than 30 calendar days from the date the employer
            receives a written request, unless the current or former employee, or
21            his or her representative, and the employer agree in writing to a date
            beyond 30 calendar days to inspect the records, and the agreed-upon
22            date does not exceed 35 calendar days from the employer's receipt
23            of the written request. Upon a written request from a current or
            former employee, or his or her representative, the employer shall
24            also provide a copy of the personnel records, at a charge not to
            exceed the actual cost of reproduction, not later than 30 calendar
25            days from the date the employer receives the request, unless the
            current or former employee, or his or her representative, and the
26            employer agree in writing to a date beyond 30 calendar days to
            produce a copy of the records, as long as the agreed-upon date does
27            not exceed 35 calendar days from the employer's receipt of the
28            written request.

1    (Lab. Code § 1198.5)

2    160.   Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ submitted a written

3           Personal File Request to BURLINGTON COAT FACTORY WAREHOUSE

4           CORPORATION on October 2, 2017 and September 27, 2017, respectively, via U.S. Mail.

5           To date, Plaintiffs have not received their personnel files from Defendants BURLINGTON

6           COAT FACTORY WAREHOUSE CORPORATION and/or DOES.

7    161.   By failing to provide employees with personnel records within thirty (30) days of receiving

8           an employee's personnel file request, BURLINGTON COAT FACTORY WAREHOUSE

9           CORPORATION and/or DOES willfully violated the provisions of *Labor Code* section

10          1198.5.

11   162.   Pursuant to *California Labor Code* section 1198.5(k), "[i]f an employer fails to permit a

12          current or former employee, or his or her representative, to inspect or copy personnel

13          records within the times specified in this section, or times agreed to by mutual agreement

14          as provided in this section, the current or former employee or the Labor Commissioner may

15          recover a penalty of seven hundred fifty dollars ($750) from the employer."

16   163.   As a consequence of BURLINGTON COAT FACTORY WAREHOUSE

17          CORPORATION'S and/or DOES' willful conduct in not providing personnel records

18          within 30 days of the request for the records, Plaintiffs AMANDA GONZALEZ AND

19          AUDRIANA GONZALEZ and members of the proposed Class are entitled to penalties as

20          set forth in *Labor Code* section 2699.5 for violations of section 1198.5.

21   164.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

22          below.

23          **Tenth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**
            **CORPORATION and/or DOES: Failure to Provide Wage Records Within 21 Days**
24          **of Receiving Requests from Employees (Lab. Code § 226(f))**

25   165.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each

26          and every other paragraph in this Complaint herein as if fully plead.

27   166.   Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ requested their wage

28          records and did not receive them.

167. California law provides that current and former employees, as a matter of right, are entitled to inspect and receive a copy of their wage records. Pursuant to Labor Code Section 226(f), upon a written request from a current or former employee, or a representative, the employer shall provide a copy of the personnel records not less than 21 calendar days from the date the employer receives the request.

168. Pursuant to *California Labor Code* section 226(f), "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer."

169. Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ submitted a written Wage Records Request to BURLINGTON COAT FACTORY WAREHOUSE CORPORATION on October 2, 2017 and September 27, 2017, respectively, via U.S. Mail. To date, Plaintiffs have not received their wage records from Defendants BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES.

170. By failing to provide employees with wage records within thirty (21) days of receiving an employee's request, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES willfully violated the provisions of *Labor Code* section 226(f).

171. As a consequence of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' willful conduct in not providing wage records within 21 days of the request for the records, Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ and members of the proposed Class are entitled to penalties as set forth in *Labor Code* section 226(f).

172. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

/ / /

/ / /

/ / /

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5. For compensation for all time worked;

6. For compensation for not being provided paid rest breaks;

7. For compensation for not being provided paid meal periods;

8. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9. For all waiting time penalties owed;

10. For penalties as stated in *Labor Code* section 2699.5 for violations of section 1198.5, for not being provided personnel files within 30 days of the request;

11. For penalties as stated in *Labor Code* section 226(f) for not being provided wage records within 21 days of the request;

12. That Defendant be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

13. That Defendant be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

14. That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

15. That Defendant be enjoined from continuing the illegal course of conduct, alleged herein;

16. That Defendant further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

17. That Defendant be enjoined from further acts of restraint of trade or unfair competition;

18. For attorneys' fees;

19. For interest accrued to date;

20. For costs of suit and expenses incurred herein; and

21. For any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:                                            THE TURLEY & MARA LAW FIRM, APLC

William Turley, Esq.
David Mara, Esq.
Jamie Serb, Esq.
Tony Roberts, Esq.
Alexandra Shipman, Esq.
Representing Plaintiffs AMANDA GONZALEZ
AND AUDRIANA GONZALEZ
on behalf of themselves, all others similarly situated,
and on behalf of the general public.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William Turley, Esq. (SBN 122408)
The Turley & Mara Law Firm, APLC
7428 Trade Street
San Diego, CA 92121

TELEPHONE NO.: (619) 234-2833     FAX NO.: (619) 234-4048
ATTORNEY FOR (Name): Plaintiffs, Amanda Gonzalez and Audriana Gonzalez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME:

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 27 2018

BY _____
RAFAEL HERNANDEZ, DEPUTY

CASE NAME:
Amanda Gonzalez and Audriana Gonzalez v. Burlington Coat Factory

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | CIVDS1804785 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): TEN (10)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/27/2018
Alexandra Shipman, Esq.
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov