1

**MORGAN, LEWIS & BOCKIUS LLP**
CARRIE A. GONELL (Bar No. 257163)

2

carrie.gonell@morganlewis.com
SAMUEL S. SADEGHI (Bar No. 311785)

3

sam.sadeghi@morganlewis.com
600 Anton Blvd., Suite 1800

4

Costa Mesa, CA 92626
Tel:   714.830.0600

5

Fax:   714.830.0700

6

Attorneys for Defendant
BURLINGTON COAT FACTORY

7

WAREHOUSE CORPORATION

8

9

### UNITED STATED DISTRICT COURT

10

### CENTRAL DISTRICT OF CALIFORNIA

11

12

AMANDA GONZALEZ and
AUDRIANA GONZALEZ on behalf

13

of themselves, all others similarly
situated and on behalf of the general

14

public,

15

Plaintiffs,

16

vs.

17

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION

18

and DOES 1-100,

19

Defendants.

Case No. 5:18-cv-00666-JBG-SP

**DEFENDANT BURLINGTON
COAT FACTORY WAREHOUSE
CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT**

Complaint Filed:   February 27, 2018
FAC Filed: October 31, 2018

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

DB2/ 35298778.2

1    Defendant BURLINGTON COAT FACTORY WAREHOUSE

2  CORPORATION ("Burlington" or "Defendant") answers the First Amended

3  Complaint of AMANDA GONZALEZ and AUDRIANA GONZALEZ

4  (collectively, "Plaintiffs") as follows:

5                          **<u>GENERAL ALLEGATIONS</u>**

6    1.    Answering Paragraph 1 of the First Amended Complaint, Defendant

7  avers that Paragraph 1 purports to allege a putative class action.  Defendant

8  specifically denies that this case can proceed as a class action, or that Plaintiffs or

9  any putative class member would be entitled to any relief.  Defendant also avers

10  that Paragraph 1 contains allegations to which no response is required.

11    2.    Answering Paragraph 2 of the First Amended Complaint, Defendant

12  admits that it conducted business in San Bernardino County and elsewhere in

13  California.  Defendant is without knowledge or information sufficient to admit or

14  deny the remaining allegations contained therein.

15    3.    Answering Paragraph 3 of the First Amended Complaint, Defendant

16  denies each and every allegation contained therein.  Defendant specifically denies

17  that it employed any individuals described in Paragraph 1.

18    4.    Answering Paragraph 4 of the First Amended Complaint, Defendant

19  denies each and every allegation contained therein.

20    5.    Answering Paragraph 5 of the First Amended Complaint, Defendant

21  denies each and every allegation contained therein.

22    6.    Answering Paragraph 6 of the First Amended Complaint, Defendant

23  denies each and every allegation contained therein.

24    7.    Answering Paragraph 7 of the First Amended Complaint, Defendant

25  denies each and every allegation contained therein.

26    8.    Answering Paragraph 8 of the First Amended Complaint, Defendant

27  denies each and every allegation contained therein.

28

9.     Answering Paragraph 9 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

10.     Answering Paragraph 10 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

11.     Answering Paragraph 11 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

12.     Answering Paragraph 12 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

13.     Answering Paragraph 13 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

14.     Answering Paragraph 14 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

15.     Answering Paragraph 15 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

16.     Answering Paragraph 16 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

17.     Answering Paragraph 17 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

18.     Answering Paragraph 18 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

19.     Answering Paragraph 19 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

20.     Answering Paragraph 20 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

21.     Answering Paragraph 21 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

22.     Answering Paragraph 22 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

23.     Answering Paragraph 23 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

24.     Answering Paragraph 24 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

25.     Answering Paragraph 25 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

26.     Answering Paragraph 26 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

27.     Answering Paragraph 27 of the First Amended Complaint, Defendant avers that Paragraph 27 purports to allege a putative class action.  Defendant specifically denies that this case can proceed as a class action, or that Plaintiffs or any putative class member would be entitled to any relief.  Defendant also avers that Paragraph 27 contains allegations to which no response is required.

28.     Answering Paragraph 28 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## I.     VENUE

29.     Answering Paragraph 29 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## II.     PARTIES

### A.     Plaintiffs.

30.     Answering Paragraph 30 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

31.     Answering Paragraph 31 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

32.     Answering Paragraph 32 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

33.     Answering Paragraph 33 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

38. Answering Paragraph 38 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

39. Answering Paragraph 39 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

40. Answering Paragraph 40 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41 of the First Amended Complaint, Defendant avers that Paragraph 41 contains legal conclusions to which no response is required.

**B.    Defendants.**

42. Answering Paragraph 42 of the First Amended Complaint, Defendant admits that it operates facilities which provide clothing, shoes, merchandise and other retail products in the State of California.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained therein.

43. Answering Paragraph 43 of the First Amended Complaint, Defendant avers that no response is required because the citations speak for themselves.

44. Answering Paragraph 44 of the First Amended Complaint, Defendant avers that no response is required because the citations speak for themselves.

45. Answering Paragraph 45 of the First Amended Complaint, Defendant avers that no response is required because the citations speak for themselves.

46.     Answering Paragraph 46 of the First Amended Complaint, Defendant avers that no response is required because the citations speak for themselves.

47.     Answering Paragraph 47 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

48.     Answering Paragraph 48 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

49.     Answering Paragraph 49 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

50.     Answering Paragraph 50 of the First Amended Complaint, Defendant avers that Paragraph 50 contains allegations to which no response is required.

51.     Answering Paragraph 51 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## III.    CLASS ACTION ALLEGATIONS

52.     Answering Paragraph 52 of the First Amended Complaint, Defendant avers that Paragraph 52 purports to allege a putative class action.  Defendant specifically denies that this case can proceed as a class action, or that Plaintiffs or any putative class member would be entitled to any relief.  Defendant denies each and every remaining allegation contained therein.

53.     Answering Paragraph 53 of the First Amended Complaint, Defendant avers that Paragraph 53 contains allegations to which no response is required

54.     Answering Paragraph 54 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## A.    Numerosity.

55.     Answering Paragraph 55 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

56.     Answering Paragraph 56 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

**B.     Commonality.**

57.     Answering Paragraph 57 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

58.     Answering Paragraph 58 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

59.     Answering Paragraph 59 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

**C.     Typicality.**

60.     Answering Paragraph 60 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

61.     Answering Paragraph 61 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

**D.     Adequacy of Representation.**

62.     Answering Paragraph 62 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

63.     Answering Paragraph 63 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

64.     Answering Paragraph 64 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

65.     Answering Paragraph 65 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

66.     Answering Paragraph 66 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

67.     Answering Paragraph 67 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

68.     Answering Paragraph 68 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

69.     Answering Paragraph 69 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

70.     Answering Paragraph 70 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

71.     Answering Paragraph 71 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

72.     Answering Paragraph 72 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

73.     Answering Paragraph 73 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

74.     Answering Paragraph 74 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

75.     Answering Paragraph 75 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

76.     Answering Paragraph 76 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

**E.     Superiority of Class Action.**

77.     Answering Paragraph 77 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

78.     Answering Paragraph 78 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

79.     Answering Paragraph 79 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

80.     Answering Paragraph 80 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 79, inclusive.

81.     Answering Paragraph 81 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

82.     Answering Paragraph 82 of the First Amended Complaint, Defendant avers that the statutes cited speak for themselves.  Defendant denies each and every remaining allegation contained therein.

83.     Answering Paragraph 83 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

84.     Answering Paragraph 84 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

85.     Answering Paragraph 85 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

86.     Answering Paragraph 86 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

87.     Answering Paragraph 87 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

88.     Answering Paragraph 88 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

89.     Answering Paragraph 89 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

90.     Answering Paragraph 90 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

91.     Answering Paragraph 91 of the First Amended Complaint, Defendant avers that Paragraph 91 purports to seek relief to which Plaintiffs are not entitled.

## SECOND CAUSE OF ACTION

92.     Answering Paragraph 92 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 91, inclusive.

93.     Answering Paragraph 93 of the First Amended Complaint, Defendant avers that the statutes cited speak for themselves.  Defendant denies each and every remaining allegation contained therein.

94.     Answering Paragraph 94 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

95.     Answering Paragraph 95 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

96.     Answering Paragraph 96 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

97.     Answering Paragraph 97 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

98.     Answering Paragraph 98 of the First Amended Complaint, Defendant avers that Paragraph 98 purports to seek relief to which Plaintiffs are not entitled.

## THIRD CAUSE OF ACTION

99.     Answering Paragraph 99 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 98, inclusive.

100.   Answering Paragraph 100 of the First Amended Complaint, Defendant avers that the statutes and wage order cited speak for themselves.  Defendant denies each and every remaining allegation contained therein.

101.   Answering Paragraph 101 of the First Amended Complaint, Defendant avers that Paragraph 101 contains legal conclusions to which no response is required.

102.   Answering Paragraph 102 of the First Amended Complaint, Defendant avers that the statute cited speaks for itself.

103.   Answering Paragraph 103 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

104.   Answering Paragraph 104 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

105.   Answering Paragraph 105 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

106.   Answering Paragraph 106 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

107.   Answering Paragraph 107 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

108.   Answering Paragraph 108 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

109.   Answering Paragraph 109 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

110.   Answering Paragraph 110 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

111.   Answering Paragraph 111 of the First Amended Complaint, Defendant avers that Paragraph 111 purports to seek relief to which Plaintiffs are not entitled.

1

## **FOURTH CAUSE OF ACTION**

2   112.   Answering Paragraph 112 of the First Amended Complaint, Defendant

3   incorporates by reference its responses to Paragraphs 1 through 111, inclusive.

4   113.   Answering Paragraph 113 of the First Amended Complaint, Defendant

5   avers that the wage order cited speaks for itself.

6   114.   Answering Paragraph 114 of the First Amended Complaint, Defendant

7   avers that the statute cited speaks for itself.

8   115.   Answering Paragraph 115 of the First Amended Complaint, Defendant

9   denies each and every allegation contained therein.

10   116.   Answering Paragraph 116 of the First Amended Complaint, Defendant

11   denies each and every allegation contained therein.

12   117.   Answering Paragraph 117 of the First Amended Complaint, Defendant

13   denies each and every allegation contained therein.

14   118.   Answering Paragraph 118 of the First Amended Complaint, Defendant

15   denies each and every allegation contained therein.

16   119.   Answering Paragraph 119 of the First Amended Complaint, Defendant

17   avers that Paragraph 119 purports to seek relief to which Plaintiffs are not entitled.

18

## **FIFTH CAUSE OF ACTION**

19   120.   Answering Paragraph 120 of the First Amended Complaint, Defendant

20   incorporates by reference its responses to Paragraphs 1 through 119, inclusive.

21   121.   Answering Paragraph 121 of the First Amended Complaint, Defendant

22   avers that the regulation quoted speaks for itself.

23   122.   Answering Paragraph 122 of the First Amended Complaint, Defendant

24   avers that the regulation quoted speaks for itself.

25   123.   Answering Paragraph 123 of the First Amended Complaint, Defendant

26   denies each and every allegation contained therein.

27   124.   Answering Paragraph 124 of the First Amended Complaint, Defendant

28   denies each and every allegation contained therein.

125.   Answering Paragraph 125 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

126.   Answering Paragraph 126 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

127.   Answering Paragraph 127 of the First Amended Complaint, Defendant avers that Paragraph 127 purports to seek relief to which Plaintiffs are not entitled.

**SIXTH CAUSE OF ACTION**

128.   Answering Paragraph 128 inclusive, Defendant incorporates by reference its responses to Paragraphs 1 through 127, inclusive.

129.   Answering Paragraph 129 of the First Amended Complaint, Defendant avers that the statute cited speaks for itself.

130.   Answering Paragraph 130 of the First Amended Complaint, Defendant avers that the statute cited speaks for itself.

131.   Answering Paragraph 131 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

132.   Answering Paragraph 132 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

133.   Answering Paragraph 133 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

134.   Answering Paragraph 134 of the First Amended Complaint, Defendant avers that Paragraph 134 purports to seek relief to which Plaintiffs are not entitled.

**SEVENTH CAUSE OF ACTION**

135.   Answering Paragraph 135 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 134, inclusive.

136.   Answering Paragraph 136 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

137.   Answering Paragraph 137 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

138.   Answering Paragraph 138 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

139.   Answering Paragraph 139 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

140.   Answering Paragraph 140 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

141.   Answering Paragraph 141 of the First Amended Complaint, Defendant avers that the statute cited speaks for itself.

142.   Answering Paragraph 142 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

143.   Answering Paragraph 143 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

144.   Answering Paragraph 144 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

145.   Answering Paragraph 145 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

146.   Answering Paragraph 146 of the First Amended Complaint, Defendant avers that Paragraph 146 purports to seek relief to which Plaintiffs are not entitled.

## EIGHTH CAUSE OF ACTION

147.   Answering Paragraph 147 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 146, inclusive.

148.   Answering Paragraph 148 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

149.   Answering Paragraph 149 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

150.   Answering Paragraph 150 of the First Amended Complaint, Defendant avers that Paragraph 150 purports to seek relief to which Plaintiffs are not entitled. Defendant denies each and every remaining allegation contained therein.

151.   Answering Paragraph 151 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

152.   Answering Paragraph 152 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

153.   Answering Paragraph 153 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

154.   Answering Paragraph 154 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

155.   Answering Paragraph 155 of the First Amended Complaint, Defendant avers that Paragraph 155 purports to seek relief to which Plaintiffs are not entitled.

156.   Answering Paragraph 156 of the First Amended Complaint, Defendant avers that Paragraph 156 purports to seek relief to which Plaintiffs are not entitled.

## NINTH CAUSE OF ACTION

157.   Answering Paragraph 157 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 156, inclusive.

158.   Answering Paragraph 158 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

159.   Answering Paragraph 159 of the First Amended Complaint, Defendant avers that the statute cited speaks for itself.  Defendant denies each and every remaining allegation contained therein.

160.   Answering Paragraph 160 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

161.   Answering Paragraph 161 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

162.   Answering Paragraph 162 of the First Amended Complaint, Defendant avers that the statute quoted speaks for itself.

163.   Answering Paragraph 163 of the First Amended Complaint, Defendant avers that Paragraph 163 purports to seek relief to which Plaintiffs are not entitled. Defendant denies each and every remaining allegation contained therein.

164.   Answering Paragraph 164 of the First Amended Complaint, Defendant avers that Paragraph 164 purports to seek relief to which Plaintiffs are not entitled.

## TENTH CAUSE OF ACTION

165.   Answering Paragraph 165 of the First Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 164, inclusive.

166.   Answering Paragraph 166 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

167.   Answering Paragraph 167 of the First Amended Complaint, Defendant avers that the statute cited speaks for itself.

168.   Answering Paragraph 168 of the First Amended Complaint, Defendant avers that the statute quoted speaks for itself.

169.   Answering Paragraph 169 of the First Amended Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein.

170.   Answering Paragraph 170 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

171.   Answering Paragraph 171 of the First Amended Complaint, Defendant avers that Paragraph 171 purports to seek relief to which Plaintiffs are not entitled.

172.   Answering Paragraph 172 of the First Amended Complaint, Defendant avers that Paragraph 172 purports to seek relief to which Plaintiffs are not entitled.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief of any kind from Defendant, both individually and on behalf of alleged members of the putative class action, the existence of which is expressly denied, or allegedly aggrieved

employees that Plaintiffs seek to represent, including the remedies described and the relief requested in the "Prayer for Relief" Paragraph of the First Amended Complaint, sub-paragraphs (1) through (21), inclusive.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant asserts the following separate defenses to the First Amended Complaint:

## FIRST DEFENSE
### (Not Employees)

1.      Plaintiffs' First Amended Complaint is barred in its entirety because Plaintiffs were not employed by Defendant.

## SECOND DEFENSE
### (Standing For Remedies)

2.      Defendant alleges that Plaintiffs lack standing to bring this action for certain claims and penalties sought in the First Amended Complaint.

## THIRD DEFENSE
### (Failure To State A Claim)

3.      Defendant alleges that the First Amended Complaint and each cause of action set forth therein fails to state facts sufficient to constitute a cause of action for which relieve can be granted against Defendant.

## FOURTH DEFENSE
### (Equitable Defenses)

4.      Plaintiffs' claims are barred by the equitable defenses of waiver, estoppel, laches and unclean hands and/or consent.

## FIFTH DEFENSE
### (Arbitration)

5.      Defendant alleges that the claims are barred to the extent Plaintiffs', and those of the putative class members, are subject to binding arbitration of the

claims, which cannot be brought on a collective or representative basis and/or that each purported cause of action therein cannot be maintained because Plaintiffs and/or that each purported cause of action have failed to pursue the arbitration remedies by filing the instant action.

## SIXTH DEFENSE

### (Failure To Exhaust)

6.      The First Amended Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiffs, the putative class members and/or any alleged putative class members failed to exhaust any applicable administrative, arbitral and/or contractual procedures and/or remedies, or otherwise properly perfect a right of action against Defendant because, inter alia, Plaintiffs and/or putative class members are required to submit claims to final and binding arbitration and/or to seek reimbursement for items unknown by Defendant that are now claimed to be due and owed.

## SEVENTH DEFENSE

### (Statute Of Limitations)

7.      Plaintiffs' First Amended Complaint, and each and every alleged cause of action therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited to any contractual limitations, those set forth in Code of Civil Procedure sections 338 and 340, California Labor Code Section 203, and/or California Business and Professions Code section 17208.

## EIGHTH DEFENSE

### (Failure To Use Ordinary Care)

8.      Plaintiffs' claims are barred by California Labor Code sections 2854 and 2856 in that Plaintiffs and the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer and/or Defendant.

## NINTH DEFENSE

### (Outside Of Scope Of Authority)

9.      Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant were outside of the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

## TENTH DEFENSE

### (Claims Discharged)

10.      The First Amended Complaint is barred, in whole or in part, because all or a portion of the wages, premium pay, interest, attorneys' fees, penalties, and/or other relief sought by Plaintiffs and/or the alleged putative class members were, or will be before the conclusion of this action, paid or collected; and, therefore, Plaintiffs and/or the alleged putative class members' claims have been partially or completely discharged including, inter alia, payments made while Plaintiffs and/or the alleged putative class members were employed.

## ELEVENTH DEFENSE

### (Release)

11.      The First Amended Complaint in barred, in whole or in part, to the extent Plaintiffs and/or the alleged putative class members have released Defendant from any claims they may have against Defendant.

## TWELFTH DEFENSE

### (Accord And Satisfaction)

12.      Plaintiffs and/or the alleged putative class members' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTEENTH DEFENSE

### (Uncertain)

13.      Defendant alleges that Plaintiffs and/or the alleged putative class members' First Amended Complaint is uncertain.

## FOURTEENTH DEFENSE

### (*De Minimis*)

14.     Plaintiffs and/or the alleged putative class members' claims are barred, in whole or in part due to the *de minimis* doctrine to the extent, inter alia, that Plaintiffs seek damages or other remedies for minimum wage and other remedies recognized as insubstantial and non-compensable under the minimum wage doctrine.

## FIFTEENTH DEFENSE

### (Avoidable Consequences)

15.     The First Amended Complaint is barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant took reasonable steps to prevent and correct any alleged issues. Plaintiffs and some, or all, of the putative class Plaintiffs seeks to represent unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiffs and some, or all, of the purportedly "similarly situated employees" Plaintiffs seeks to represent allegedly suffered.

## SIXTEENTH DEFENSE

### (Full Performance)

16.     Without admitting the existence of any duties or obligations as alleged in the First Amended Complaint, any such duties or obligations which were owed to Plaintiffs or the putative class members and/or purported putative class members Plaintiffs seek to represent, have been fully performed, satisfied or discharged by, inter alia, providing and making rest breaks available paying for time worked.

## SEVENTEENTH DEFENSE

### (Good Faith)

17.     As a separate and distinct affirmative defense, Defendant alleges that it acted reasonably, lawfully, and in good faith at all times material herein based on

all relevant facts and circumstances known to it.

## EIGHTEENTH DEFENSE

### (No Knowledge Of Hours Worked)

18.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' and/or the alleged putative class members' claims for alleged failure to pay wages are barred to the extent that Defendant did not reasonably know hours were worked by these Plaintiffs or putative class members and/or to the extent that Plaintiffs or putative class members deliberately prevented the employer from acquiring knowledge of the hours worked.

## NINETEENTH DEFENSE

### (Incidental To Principal Activities)

19.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and any putative class member's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and any putative class member was engaged in activities which were preliminary, postliminary, or incidental to their principal activities.

## TWENTIETH DEFENSE

### (Time Spent For Own Convenience Is Not Compensable)

20.    The time Plaintiffs and/or the alleged putative class members spent performing any task for their own convenience including, inter alia, skipping or shortening breaks, or expenses Plaintiffs and/or the alleged putative class members incurred for their own convenience, is not compensable damages.

## TWENTY-FIRST DEFENSE

### (Not Authorized, Adopted, Or Ratified)

21.    Plaintiffs' First Amended Complaint, and its purported claims, cannot be maintained against Defendant, in whole or in part, because if Defendant's employees (including Plaintiffs and putative class members, if they were

20        DEFENDANT'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    employees, which Defendant denies) took the actions alleged, such actions were

2    committed outside the course and scope of such employees' employment, and were

3    not authorized, adopted or ratified by Defendant.

4                    **TWENTY-SECOND DEFENSE**

5                    **(Class Action — Unconstitutional)**

6         22.    Certification of a class and/or allowing the action to proceed with

7    Plaintiffs as representatives would prevent Defendant from raising individual

8    defenses against each putative class member and therefore constitute a denial of

9    Defendant's substantive and procedural due process rights in violation of the

10   Fourteenth Amendment to the United States Constitution and the California

11   Constitution and/or a denial of Defendant's equal protection.

12                   **TWENTY-THIRD DEFENSE**

13                   **(Class Action — Standing)**

14        23.    As a separate and distinct affirmative defense, Defendant alleges that

15   Plaintiffs lacks standing to assert the legal rights or interests of others.

16                  **TWENTY-FOURTH DEFENSE**

17        **(Class Action — No Predominance Of Common Questions)**

18        24.    As a separate and distinct affirmative defense, Defendant alleges that

19   the claims of Plaintiffs and the putative class members they seek to represent are

20   misjoined, as their rights to recover require individual analysis, do not present a

21   predominance of common questions of law or fact, and are unsuited for

22   determination on a class or representative basis, neither of which is a superior

23   means of adjudicating these claims.

24                   **TWENTY-FIFTH DEFENSE**

25                   **(Class Action — Lack Of Manageability)**

26        25.    As a separate and distinct affirmative defense, Defendant alleges that

27   the First Amended Complaint and each purported cause of action alleged therein,

28

cannot proceed as a purported class action because of difficulties likely to be encountered that render the action unmanageable.

## TWENTY-SIXTH DEFENSE

### (Class Action — No Damages)

26.     As a separate and distinct affirmative defense, Defendant alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## TWENTY-SEVENTH DEFENSE

### (Class Action — Violation Of Due Process)

27.     As a separate and distinct affirmative defense, Defendant alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## TWENTY-EIGHTH DEFENSE

### (Meal Periods And Rest Periods — Waiver)

28.     Defendant alleges that the First Amended Complaint and each cause of action alleged therein are barred, in whole or in part, because Defendant reasonably and in good faith provided Plaintiffs and/or the alleged putative class members with meal and rest periods, and that any failure by Plaintiffs and the putative class members to take meal and/or rest breaks constituted a waiver by Plaintiffs and the putative class members to take such meal and/or rest periods, including by an intentional decision not to take a meal or rest period and/or to the extent that Plaintiffs' and/or the putative class members' failure to take meal and/or rest breaks was the result of a failure by Plaintiffs and/or the putative class members to follow Defendant's reasonable instructions and/or to the extent Plaintiffs and/or the

putative class members waived their right to meal breaks under California Labor Code section 512(a).

## TWENTY-NINTH DEFENSE

### (Meal Periods — On-Duty Meal Period)

29.     Plaintiffs and/or the alleged putative class members' meal period-related claims are barred, in whole or in part, to the extent that they have entered into revocable on-duty paid meal period agreements for those instances when the nature of the work prevented Plaintiffs and/or the alleged putative class members from being relieved of all duty.

## THIRTIETH DEFENSE

### (Rest Periods - Waiver)

30.     Defendant alleges that the First Amended Complaint and each cause of action alleged therein are barred, in whole or in part, because Defendant reasonably and in good faith authorized and permitted Plaintiffs and the putative class members with rest periods, and that any failure by Plaintiffs and the putative class members to take rest breaks constituted a waiver by Plaintiffs and the putative class members to take such rest periods, including by an intentional decision not to take a rest period and/or to the extent that Plaintiffs' and/or the putative class members' failure to take rest breaks was the result of a failure by Plaintiffs and/or the putative class members to follow Defendant's reasonable instructions.

## THIRTY-FIRST DEFENSE

### (No Right To Recovery Period)

31.     Defendant alleges that Plaintiffs and/or the putative class members were not entitled to recovery periods as defined by law.

## THIRTY-SECOND DEFENSE

### (No Injury Or Standing For Wage Statements)

32.     Defendant alleges that even if Defendant failed to provide Plaintiffs and/or members of the putative class with accurate itemized wage statements,

which Defendant denies, Plaintiffs and the putative class did not suffer injury as a result of such failure and so lack standing to assert a claim under California Labor Code section 226, et seq.

## THIRTY-THIRD DEFENSE

### (Wage Statements — No "Knowing And Intentional Failure")

33.     Defendant alleges that any alleged non-compliance with California Labor Code section 226 was not "knowing and intentional."

## THIRTY-FOURTH DEFENSE

### (Rest Periods — No Hindrance)

34.     Plaintiffs and/or the alleged putative class members' rest period-related claims are barred, in whole or in part, because Defendant did not prevent Plaintiffs and/or the alleged putative class members from taking such breaks.

## THIRTY-FIFTH DEFENSE

### (Labor Code Section 203)

35.     Defendant alleges that Plaintiffs' causes of action pursuant to or related to Labor Code section 203 are barred to the extent that Plaintiffs or putative class members secreted or absented themselves to avoid payment of wages, thereby relieving Defendant of liability for waiting time penalties.

## THIRTY-SIXTH DEFENSE

### (Labor Code Sections 201-203 — Payment Of All Wages)

36.     Defendant alleges that while Defendant disputes any employment or discharge of Plaintiffs, Defendant paid all wages due to Plaintiffs and/or the alleged putative class members when their employment with Defendant ended.

## THIRTY-SEVENTH DEFENSE

### (Labor Code Sections 201 And 202 — No Willful Conduct/Good Faith Dispute)

37.     Defendant alleges that the First Amended Complaint fails to state a claim for penalties under the California Labor Code because (1) there are bona fide

good faith disputes as to whether further compensation is due to Plaintiffs and/or the putative class members, and if so, as to the amount of such further compensation; (2) Defendant has not willfully or intentionally failed to pay such additional compensation, if any is owed; and/or (3) to impose penalties in this case would be inequitable and unjust.

## THIRTY-EIGHTH DEFENSE

### (Waiting Time Penalties)

38.    Defendant alleges that Plaintiffs' causes of action pursuant to or related to Labor Code section 203 are barred, in whole or in part, to the extent that Plaintiffs or putative class members secreted or absented themselves to avoid payment of wages, thereby relieving Defendant of liability for waiting time penalties.

## THIRTY-NINTH DEFENSE

### (Bona Fide Dispute)

39.    Plaintiffs and/or the alleged putative class members' claims for penalties are barred, in whole or in part, because there is a bona fide good faith dispute as to whether and in what amount any compensation is due to Plaintiffs and/or the alleged putative class members.

## FORTIETH DEFENSE

### (Cal. Bus. & Prof. § 17200 Et Seq. — Unconstitutional)

40.    California Business and Professions Code section 17200 et seq. is vague and overbroad, such that prosecution of a representative action under this statute, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's substantive and procedural due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution, and right to equal protection, in that it would prevent Defendant from raising individual defenses against each putative class member.

## FORTY-FIRST DEFENSE

### (Cal. Bus. & Prof. § 17200 Et Seq. — No Injury)

41.     Defendant provided Plaintiffs and/or the alleged putative class members with proper compensation, California-compliant rest periods, and California-compliant wage statements. Accordingly, because no injury resulted, they lack standing to bring a cause of action under California Business and Professions Code section 17200 et seq.

## FORTY-SECOND DEFENSE

### (Adequate Remedy At Law — No Declaratory/Injunctive Relief)

42.     Plaintiffs and/or the alleged putative class members are not entitled to equitable relief insofar as they have an adequate remedy at law.

## FORTY-THIRD DEFENSE

### (Penalties Unconstitutional)

43.     Defendant alleges that to the extent Plaintiffs seek statutory penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines and State Farm Mutual Insurance Company v. Campbell, 538 U.S. 408 (2003) given, inter alia, that Plaintiffs seeks multiple penalties for the same violation.

## FORTY-FOURTH DEFENSE

### (Failure To State A Claim For Attorneys' Fees And Costs)

44.     Plaintiffs failed to state a claim sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

## FORTY-FIFTH DEFENSE

### (Interest)

45.     Plaintiffs fail to state a claim upon which any interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of interest.

## FORTY-SIXTH DEFENSE

### (Failure To Mitigate)

46.     Plaintiffs and/or the alleged putative class members have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Defendant should be reduced and/or eliminated by such a failure.

## FORTY-SEVENTH DEFENSE

### (Bad Faith And/Or Frivolous Claims)

47.     Plaintiffs' claims are unreasonable, were filed in bad faith, and/or are frivolous and for such reasons, justify an award of attorneys' fees and costs against Plaintiffs and/or their attorneys pursuant to California law including, but not limited to, California Code of Civil Procedure section 128.5.

## FORTY-EIGHTH DEFENSE

### (Numerosity)

48.     The First Amended Complaint fails to the extent that it asserts a class action, because the putative classes that Plaintiffs purport to represent, the existence of which are expressly denied, lack numerosity.

## FORTY-NINTH DEFENSE

### (No Ascertainable Class)

49.     The purported class that the named Plaintiffs purport to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

## FIFTIETH DEFENSE

### (Res Judicata/Collateral Estoppel)

50.     Plaintiffs' claims, and the claims of each member of the putative class alleged in the First Amended Complaint, or some of them, are barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*

### FIFTY-FIRST DEFENSE

### (Consent)

51.     The First Amended Complaint, and each purported claim for relief contained therein, are barred to the extent that Plaintiffs, or members of the putative class alleged in the First Amended Complaint, consented to any alleged activity or conduct.

### FIFTY-SECOND DEFENSE

### (No Entitlement to Jury Trial – Certain Claims)

52.     Plaintiffs and the members of the putative class alleged in the First Amended Complaint are not entitled to a trial by jury of certain of their claims, including their claims under the California Business and Professions Code Section 17200, *et seq*.

### FIFTY-THIRD DEFENSE

### (No Violation of Underlying State or Federal Law)

53.     Defendant is not liable for a violation of unlawful business practices pursuant to California Business and Professions Code Section 17200, *et seq*., because it is not liable to Plaintiffs or the members of the putative class alleged in the First Amended Complaint for any alleged violation of any underlying state or federal laws.

### RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Defendant therefore reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court deny Plaintiffs' request to certify this action as a class action;

2.   That Plaintiffs take nothing by reason of their First Amended Complaint;

3.   That the First Amended Complaint herein be dismissed in its entirety with prejudice;

4.   That judgment be entered against Plaintiffs and in favor of Defendant;

5.   That Defendant be awarded its costs of suit incurred herein;

6.   That Defendant be awarded its attorneys' fees incurred by this action; and

7.   That the Court grant such other and further relief as it deems just and proper.

Dated:  October 31, 2018                MORGAN, LEWIS & BOCKIUS LLP

By   /s/ *Carrie S. Gonell*
      CARRIE A. GONELL
      SAMUEL S. SADEGHI
      Attorneys for Defendant
      BURLINGTON COAT FACTORY
      WAREHOUSE CORPORATION