1  WILLIAM TURLEY, Bar No. 122408
   bturley@turleylawfirm.com
2  DAVID MARA, Bar No. 230498
   dmara@turleylawfirm.com
3  JAMIE SERB, Bar No. 289601
   jserb@turleylawfirm.com
4  TONY ROBERTS, Bar No. 315595
   troberts@turleylawfirm.com
5  ALEXANDRA SHIPMAN, Bar No. 314883
   ashipman@turleylawfirm.com
6  THE TURLEY & MARA LAW FIRM, APLC
   7428 Trade Street
7  San Diego, California 92121
   Tel: (619) 234-2833
8  Fax: (619) 234-4048

9  Attorneys for AMANDA GONZALEZ and AUDRIANA GONZALEZ

10 [ATTORNEYS CONTINUED
   ON SECOND PAGE]
11

12

13                    UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15 AMANDA GONZALEZ and              Case No.  5:18-cv-00666-JGB-SP
   AUDRIANA GONZALEZ on behalf
16 of themselves, all others similarly
   situated and on behalf of the general
17 public,
                                     **STIPULATION AND PROPOSED
18                                   ORDER TO REVISE THE CIVIL
          Plaintiffs,                TRIAL SCHEDULING ORDER**
19
             v.
20                                   Original Complaint filed: Feb. 27, 2018
   BURLINGTON COAT FACTORY          FAC Filed: Oct. 1, 2018
21 WAREHOUSE CORPORATION and
   DOES 1 100,
22
          Defendants.
23

24

25

26

27

28

1  CARRIE A. GONELL, Bar No. 257163
   carrie.gonell@morganlewis.com
2  SAMUEL S. SADEGHI, Bar No. 311785
   sam.sadeghi@morganlewis.com
3  MORGAN, LEWIS & BOCKIUS LLP
   600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626
4  Telephone: 949.399.7160
   Facsimile:  949.399.7001
5
   Attorneys for Defendant
6  BURLINGTON COAT FACTORY WAREHOUSE
   CORPORATION
7

8

9                        **STIPULATION AND ORDER**

10        Plaintiffs,   AMANDA   GONZALEZ   and   AUDRIANA   GONZALEZ

11  ("Plaintiffs"), and Defendant, BURLINGTON COAT FACTORY WAREHOUSE

12  CORPORATION ("Defendant" or "Burlington") (collectively, the "Parties"), by and

13  through their respective counsel of record, stipulate and agree as follows:

14        WHEREAS, the Parties have agreed that the Civil Trial Scheduling Order

15  ("Scheduling Order") should be revised to focus efforts on a second mediation with

16  Jeff Ross, set for June 20, 2019, and to further focus efforts on meeting and conferring

17  in connection with marshaling the information and data necessary for settlement. The

18  parties are seeking this adjustment to the Scheduling Order due to an inadvertent error

19  in the data produced for the first mediation as well as issues experienced in gathering

20  the information and data for mediation. A discussion of the Parties' efforts and

21  proposed scheduling amendment follows.

22        WHEREAS, Plaintiffs filed their Complaint on February 27, 2018. On March

23  29, 2018, Defendant filed an Answer and later removed this matter on April 2, 2018.

24  On October 1, 2018, Plaintiffs filed their First Amended Complaint.

25        WHEREAS, the Parties have diligently conducted discovery and continue to do

26  so in preparation for a second mediation. To that end, on May 25, 2018, Plaintiffs

27  propounded one set of special interrogatories and one set of demands for production

28

DB2/35885209.3                              2.

1    of documents on Defendant as well as noticed the deposition of Defendant's Person
2    Most Knowledgeable witness.

3          WHEREAS, on June 4, 2018, the Court entered a Scheduling Order. *See* Dkt.
4    No.'s 10-11.

5          WHEREAS, following the issuance of the Scheduling Order, the Parties met
6    and conferred regarding the definition of the class—which affected Defendant's
7    responses to Plaintiffs' discovery requests. After numerous conferences between
8    counsel, the Parties were in the process of finalizing a class definition when Defendant
9    sought to substitute its counsel on September 12, 2018.

10          WHEREAS, Defendant's responses to Plaintiffs' discovery requests were due
11    on September 17, 2018—only five days after Defendant substituted its Counsel. Given
12    this, Plaintiffs granted Defendant an additional extension to respond to Plaintiffs'
13    discovery requests.

14          WHEREAS, after additional meet and confer efforts, the Parties agreed on an
15    amendment to the class definition in the original complaint. On October 1, 2018, the
16    Court granted Plaintiffs' leave to amend their complaint and a First Amended
17    Complaint was filed that same day. *See* Dkt. No.'s 16-17.

18          WHEREAS, the Court revised the Civil Trial Scheduling Order in order to
19    enable the Parties to focus their efforts on a realistic exploration of settlement at a
20    mediation on January 3, 2019. *See* Dkt. No. 19.

21          WHEREAS, in preparation for the first mediation, the parties exchanged data
22    and information. For example, on December 5, 2018, Defendant served a subpoena on
23    Ciera Staffing, LLC and obtained some documents and data for mediation.

24          WHEREAS, at the first mediation, the Parties found unintended flaws in the
25    data—most importantly, the number of shifts used in the Parties exposure analysis
26    was considerably inflated for many temporary workers which significantly impacted
27    the Parties' ability to evaluate the case. As such, the Parties agreed to reschedule the
28    mediation in order to cull errors and obtain more trustworthy data.

1   WHEREAS, the Parties continue to prepare for a second mediation which is set

2   for June 20, 2019—the first available date with a well-respected mediator, Jeff Ross.

3   The parties also requested to be put on the waitlist should an earlier date become

4   available.

5   WHEREAS, Defendant continues to work with Ciera Staffing, LLC to obtain

6   additional data.

7   WHEREAS, the Parties believe that a realistic exploration of settlement will

8   involve the production, review, and analysis of a substantial amount of additional data

9   regarding thousands of putative class members. For example, the Parties have set out

10   to conduct the damages discovery necessary to support an informed damages

11   discussion at the mediation. The substantial amount of time needed to prepare the

12   matter for dispositive motions and Trial would interfere with the Parties' ability to

13   devote the time needed to prepare the matter for settlement discussions at the second

14   scheduled mediation. Should the matter not settle at or around the mediation, the

15   matter will immediately proceed towards class certification and motions for summary

16   judgment. As such, the Parties respectfully request the Court continue the dates in the

17   Scheduling Order in light of the second mediation on June 20, 2019:

18   WHEREAS, the current Civil Trial Scheduling Order sets the dates as follows:

19   • Jury Trial set for September 3, 2019, 9:00 a.m.

20   • Final Pretrial Conference [L.R. 16] and hearing on Motions *In Limine*

21   (Monday- 2 weeks before trial) set for August 19, 2019, 11:00 a.m.

22   • Last Date to Hear Non-discovery Motions set for July 8, 2019, 9:00 a.m.

23   • All Discovery Cut-off (including hearing all discovery motions) set for

24   April 29, 2019

25   • Expert Disclosure (Rebuttal) set for April 15, 2019

26   • Expert Disclosure (Initial) set for March 29, 2019

27   *See* Order, October 24, 2018, Dkt. No. 19.

28   ///

1       NOW THEREFORE, the parties stipulate to and request that the Court order the

2   following revised Civil Trial Scheduling Order:

3       • Jury Trial set for March 3, 2020, 9:00 a.m.

4       • Final Pretrial Conference [L.R. 16] and hearing on Motions *In Limine*

5         (Monday- 2 weeks before trial) set for February 17, 2020, 11:00 a.m.

6       • Last Date to Hear Non-discovery Motions set for January 6, 2020, 9:00

7         a.m.

8       • All Discovery Cut-off (including hearing all discovery motions) set for

9         October 28, 2019

10      • Expert Disclosure (Rebuttal) set for October 14, 2019

11      • Expert Disclosure (Initial) set for September 27, 2019

12      The Parties submit that good cause exists to continue the dates within the

13  Scheduling Order. This is the second request for a continuance. The first continuance

14  was based on the Parties' need to marshal data for mediation, data which inadvertently

15  turned out to be inaccurate. The Parties have vigorously litigated the case and are

16  actively preparing for settlement discussions. Additional time is necessary for the

17  Parties to focus on preparing for the upcoming second mediation.

18      IT IS SO STIPULATED.

19

20

21

22

23

24

25

26

27

28

1

2
  Dated: February 5, 2019

3
                                         /s/*Tony Roberts*
                                         David Mara

4
                                         Jamie Serb
                                         Tony Roberts

5
                                         THE TURLEY & MARA LAW FIRM, APLC
                                         Attorneys for Plaintiffs AMANDA

6
                                         GONZALEZ and AUDRIANA GONZALEZ

7
  Dated:   February 5, 2019

8

9
                                         /s/ *Carrie Gonell* (with permission)
                                         Carrie A. Gonell

10
                                         Samuel S. Sadeghi
                                         MORGAN, LEWIS & BOCKIUS LLP

11
                                         Attorneys for Defendant
                                         BURLINGTON COAT FACTORY
                                         WAREHOUSE CORPORATION

12

## ATTESTATION REGARDING SIGNATURES

13

14
     I, Tony Roberts, attest pursuant to L.R. 5-4.3.4 that all signatories listed, and on

15
those behalf the filing is submitted, concur in the filing's content and have authorized

16
the filing.

17
  DATED: February 5, 2019        /s/  *Tony Roberts*

18
                                         Tony Roberts

19

20

21

22

23

24

25

26

27

28