David Mara, Esq. (230498)
Jamie Serb, Esq. (289601)
Tony Roberts, Esq. (315595)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for AMANDA GONZALEZ and AUDRIANA GONZALEZ, on behalf of themselves, all others similarly situated, and on behalf of the general public.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA GONZALEZ and AUDRIANA GONZALEZ on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BURLINGTON COAT FACTORY WAREHOUSE CORPORATION; and DOES 1-10,<br><br>Defendants. | Case No.  5:18-cv-00666-JGB-SP<br><br>**PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>**1) Failure to Pay All Straight Time Wages;**<br>**2) Failure to Pay All Overtime Wages;**<br>**3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8 § 11090);**<br>**4) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090);**<br>**5) Failure to Authorize and Permit Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title 8 § 3395);**<br>**6) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**<br>**7) Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**<br>**8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.);**<br>**9) Failure to Produce Personnel Records (Lab. Code § 1198.5);**<br>**10) Failure to Produce Wage Records (Lab. Code § 226(f)); and**<br>**11) Violation of the Labor Code Private Attorneys General Act of 2004 ("PAGA")**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of themselves, all others similarly situated, and on behalf of the general public, complains of Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION ("Burlington" or "Defendant") and/or DOES and for causes of action and alleges:

1.     This is a class action pursuant to Federal Rule of Civil Procedure, Rule 23 on behalf of Plaintiffs, AMANDA GONZALEZ AND AUDRIANA GONZALEZ, and all current and/or former non-exempt, non-union, hourly employees provided as temporary workers by Lyneer Staffing Solutions[1] who worked one or more shifts in a workweek at Burlington's distribution centers located in California at any time during the relevant time period.

2.     At all times mentioned herein, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have conducted business in San Bernardino County and elsewhere within California.

3.     At all times mentioned herein, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4.     At all times mentioned herein, the common policies and practices of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES were a direct cause of Defendant's and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.     For at least four (4) years prior to the filing of this action and through to the present, Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

---

[1] "Lyneer Staffing Solutions" means Lyneer Staffing Solutions, Infinity Staffing Solutions, LLC dba Lyneer Staffing Solutions, Staff4Jobs, LLC dba Lyneer Staffing Solutions, Employers HR LLC, Ciera Staffing, LLC, Lyneer Staffing Solutions, LLC, and all of their members, predecessors, successors, affiliates, and related companies, including but not limited to, Gary Spinner, Todd McNulty, James Radvany, Bryan Smith, Brian Henderson, Marti White and Greg Lomonaco.

1    DOES have had a consistent policy and/or practice of not paying Plaintiffs and its Non-

2    Exempt Employees for all of the hours they worked.

3    6.    For at least four (4) years prior to the filing of this action and through to the present,

4    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

5    DOES have had a continuous and widespread policy of not paying Plaintiffs and those

6    similarly situated for all hours they worked, including before clocking in for their work

7    shift, after clocking out for their work shift, and during unpaid meal periods. Further,

8    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

9    DOES have had a continuous and widespread policy to shave the time Plaintiffs and

10   those similarly situated worked (referred to as "time shaving").

11   7.    For at least four (4) years prior to the filing of this action and through to the present,

12   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

13   DOES have had a continuous and widespread policy of "clocking-out" Plaintiffs and

14   those similarly situated for thirty (30) minute meal periods, even though Plaintiffs and

15   those similarly situated were suffered and/or permitted to work during these deduction

16   periods, thereby deducting thirty (30) minutes of paid time, including straight time and

17   overtime.

18   8.    For at least four (4) years prior to the filing of this action and through to the present,

19   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

20   DOES have had a consistent policy and/or practice of failing to provide all straight time

21   and overtime wages owed to Non-Exempt Employees, as mandated under the California

22   Labor Code and the implementing rules and regulations of the Industrial Welfare

23   Commission's ("IWC") California Wage Orders.

24   9.    For at least four (4) years prior to the filing of this action and through to the present,

25   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

26   DOES have had a consistent policy of requiring Non-Exempt Employees within the State

27   of California, including Plaintiffs, to work through meal periods and work at least five (5)

28   hours without a meal period and failing to pay such employees one (1) hour of pay at the

1   employees' regular rate of compensation for each workday that the meal period is not

2   provided, or other compensation, as required by California's state wage and hour laws,

3   and automatically deducting a half hours pay from their wages.

4   10.   For at least four (4) years prior to filing of this action and through the present, Defendant

5   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES did

6   not have a policy of allowing its hourly employees working shifts of ten (10) or more

7   hours in a day to take a second meal period of not less than thirty (30) minutes as

8   required by the applicable Wage Order of the IWC.

9   11.   For at least four (4) years prior to the filing of this action and through to the present,

10   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

11   DOES have had a consistent policy of requiring Non-Exempt Employees within the State

12   of California, including Plaintiffs, to work over ten (10) hours without providing an

13   additional, uninterrupted meal period of thirty (30) minutes and failing to pay such

14   employees one (1) hour of pay at the employees' regular rate of compensation for each

15   workday that the meal period is not provided, or other compensation, as required by

16   California's state wage and hour laws.

17   12.   For at least four (4) years prior to the filing of this action and through to the present,

18   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

19   DOES have had a consistent policy and/or practice of requiring its Non-Exempt

20   Employees within the State of California, including Plaintiffs, to work for over four

21   hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such

22   employees one (1) hour of pay at the employees' regular rate of compensation for each

23   workday that the rest period is not provide, or other compensation, as required by

24   California's state wage and hour laws.

25   13.   For at least four (4) years prior to the filing of this action and through to the present,

26   Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

27   DOES have had a consistent policy and/or practice of failing to provide Plaintiffs and its

28   Non-Exempt Employees with cool down recovery periods in accordance with California

1    Code of Regulations, Title 8, section 3395.

2    14.    For at least four (4) years prior to the filing of this action and through to the present,

3    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

4    DOES and/or their officers and/or managing agents have had a consistent policy and/or

5    practice of willfully failing to provide to Plaintiffs and its Non-Exempt Employees,

6    accurate itemized employee wage statements.

7    15.    For at least four (4) years prior to the filing of this action and through to the present,

8    Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

9    DOES and/or their officers and/or managing agents have had a consistent policy and/or

10   practice of willfully failing to timely pay wages owed to Plaintiffs and those Non-Exempt

11   Employees who left Defendant BURLINGTON COAT FACTORY WAREHOUSE

12   CORPORATION and/or DOES employ or who were terminated.

13   16.    For at least four (4) years prior to the filing of this action and through to the present,

14   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, by

15   failing to lawfully pay Plaintiffs and those similarly situated all the wages they are owed,

16   engaged in false, unfair, fraudulent, and deceptive business practices within the meaning

17   of the Business and Professions Code section 17200, et seq.

18   17.    Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE

19   CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated

20   Non-Exempt Employees, were not provided all straight time and overtime wages owed,

21   meal periods and rest periods, or compensation in lieu thereof, as mandated under the

22   California Labor Code, and the implementing rules and regulations of the Industrial

23   Welfare Commissions ("IWC") California Wage Orders.

24   18.    Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE

25   CORPORATION and/or DOES employees, including Plaintiffs and similarly situated

26   Non-Exempt Employees were not provided with accurate and itemized employee wage

27   statements.

28   19.    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiffs and the members of the proposed class. Plaintiffs and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

20. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiffs and members of the proposed class.

21. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' failure to retain accurate records of total hours worked by Plaintiffs and the proposed class was willful and deliberate, was a continuous breach of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' duty owed to Plaintiffs and the proposed class.

22. Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

23. Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not provided with a copy of their personnel records when requested.

24. Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not provided with a copy of their wage records when requested.

25. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

1     DOES are and were aware that Plaintiffs and members of the proposed class were not

2     paid all straight time and overtime wages owed, nor provided meal and rest periods.

3     Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S

4     and/or DOES' denial of wages and other compensation due to Plaintiffs and members of

5     the proposed class was willful and deliberate.

6  26.    California follows a broad definition of employer. Specifically, California defines the

7     employer as "any person…who directly or indirectly, through an agent or any other

8     person, employs or exercises control over the wages, hours, or working conditions of [an

9     employee]." *Martinez v. Combs* (2010) 49 Cal. 4th 35, 39. This broad definition of who

10    the employer is "has the obvious utility of reaching situations in which multiple entities

11    control different aspects of the employment relationship, as when one entity, which hires

12    and pays workers, places them with other entities that supervise the work." *Id.* In fact,

13    California's broad definition of employer is "specifically intended to include both

14    temporary employment agencies and employers who contract with such agencies to

15    obtain employees…" *Martinez,* 49 Cal.4th at 59. Throughout the statutory period, Lyneer

16    Staffing Solutions, a temporary employment agency, placed Plaintiffs and members of

17    the proposed class at Burlington distribution centers. Defendant BURLINGTON COAT

18    FACTORY WAREHOUSE CORPORATION and/or DOES, each and collectively,

19    controlled the wages, hours, and working conditions of Plaintiffs and the proposed class,

20    creating a joint-employer relationship over Plaintiffs and the proposed class. Thus,

21    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION is financially

22    responsible as a joint employer for any unpaid wages, penalties, interest or other damages

23    owed to the Lyneer Staffing Solutions workers for activities defined as work under

24    California law.

25  27.    Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of

26    themselves and all of BURLINGTON COAT FACTORY WAREHOUSE

27    CORPORATION'S and/or DOES' Non-Exempt Employees, brings this action pursuant

28    to California Labor Code sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, and

California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

28. Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of themselves all putative Class members, brings this action pursuant to California Labor Code sections 218, 218.5, 222, 223, 224, 226, subd. (b), 226.3, 226.7, 227.3, 512, 515, 558, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid wages, meal and rest period compensation, penalties, injunctive and other equitable relief, relief under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), and reasonable attorneys' fees and costs.

29. A notice of correspondence showing compliance with Labor Code Section 2699.3 was sent to the Labor and Workforce Development Agency ("LWDA") and Defendant. This notice demonstrates that Plaintiffs have standing to bring a representative action on behalf of the LWDA and as private attorney generals. No notice of cure by BURLINGTON COAT FACTORY WAREHOUSE CORPORATION was provided and no notice of investigation was received from the LWDA in the statutorily proscribed sixty-five (65) day period since the mailing of the notices of the action. Accordingly, Plaintiffs file this action as authorized by Labor Code section 2699.3(a)(2)(C).

30. Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ, on behalf of themselves and all putative Class members made up of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' non-exempt employees, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

///
///
///

# I.   VENUE

31.   Venue as to each Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, is proper in this judicial district. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES conduct business and commit Labor Code violations within San Bernardino County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Bernardino County. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES employ numerous Class members who work in San Bernardino County, in California.

# II.   PARTIES

**A.   Plaintiffs**.

32.   At all relevant times, herein, Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ are and were residents of California. At all relevant times, herein, they were employed by Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES within the last four (4) years as a non-exempt, hourly warehouse worker in California.

33.   On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

34.   On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

35.   On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies and/or practices of failing

to pay all straight time and overtime wages owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

36.     On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

37.     On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide cool down recovery periods.

38.     On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide personnel files when requested.

39.     On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide wage records when requested.

40.     On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiffs, with accurate itemized wage statements was willful.

41.     On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE

CORPORATION'S and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendant's and/or DOES' failure to pay, in a timely manner, compensation owed to Non-Exempt Employees, including Plaintiffs, upon termination of their employment with BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES was willful.

42. On information and belief, Plaintiffs and all other members of the proposed class experienced Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

43. Plaintiffs and the proposed class are covered by, inter alia, California IWC Occupational Wage Order No. 9-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

**B.** **Defendants**.

44. At all relevant times herein, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES engage in the ownership and operation of facilities which provide clothing, shoes, merchandise and other retail products in the State of California.

45. According to the Burlington Coat Factory website, "Burlington is a leading off-price apparel and home product retailer". BURLINGTON COAT FACTORY, www.burlingtoncoatfactory.com (Last visited Jan. 22, 2018). Burlington Coat Factory claims to "operate 567 stores in 45 states and Puerto Rico, where you'll find a large assortment of current, high-quality, designer and name-brand merchandise at up to 65% off other retailers' prices". *Id.*

46. Burlington Coat factory boasts the "Our Burlington" philosophy, which creates "a supportive, results-driven, diverse and fun place … to work, learn and grow". *Id.*

47. They claim to support this philosophy with an "annual 'Your Voice' survey helps [them] understand the associate experience, evaluate [their] performance, identify [their] strengths, and pinpoint areas of opportunity for improvement". *Id.*

48. Burlington Coat Factory claims that this annual survey recently resulted in "over 70% of associates who participated would recommend Burlington as a great place to work!" *Id.*

49. With this "Our Burlington" philosophy and "Your Voice" survey, it appears that Burlington Coat Factory values their employees and their employees' well-being. However, this favorable appearance is fractured when Burlington's valuing of their employees doesn't extend to paying those same employees their full deserved wages.

50. On information and belief, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiffs and members of the proposed class throughout the liability period.

51. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES principal place of business is in the State of California.

52. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

53. Plaintiffs are informed and believe, and based thereon allege, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

///

///

///

///

///

1

### III.   <u>CLASS ACTION ALLEGATIONS</u>

2   54.   Plaintiffs bring this action on behalf of themselves and all others similarly situated as a

3   class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seeks

4   to represent a Class composed of and defined as follows:

5          All current and/or former non-exempt, non-union, hourly

6          employees provided as temporary workers by Lyneer Staffing

7          Solutions who worked one or more shifts in a workweek at

8          Burlington's distribution centers located in California at any time

9          during the period of the relevant statute of limitations ("Class

10         Members").

11   Plaintiffs also seek to represent subclasses composed of and defined as follows:

12         All Class Members who worked one (1) or more shifts in excess of

13         five (5) hours.

14

15         All Class Members who worked one (1) or more shifts in excess of

16         six (6) hours.

17

18         All Class Members who worked one (1) or more shifts in excess of

19         ten (10) hours.

20

21         All Class Members worked one (1) or more shifts in excess of

22         twelve (12) hours.

23

24         All Class Members who worked one (1) or more shifts in excess of

25         two (2) hours.

26

27         All Class Members who worked one (1) or more shifts in excess of

28         three (3) hour and one-half hours, but less than or equal to six (6)

hours.

All Class Members who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All Class Members who worked one (1) or more shifts in excess of ten (10) hours.

All Class Members who separated their employment from Defendant.

All Class Members who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All Class Members who were deducted wages for meal periods.

55.   Plaintiffs reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

56.   This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.**   **<u>Numerosity</u>.**

57.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiffs are informed and believe that BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES currently employ, and during the liability period employed, over one hundred (100) employees, all in the

1    State of California, in positions as hourly non-exempt employees.

2    58.   Accounting for employee turnover during the relevant periods increases this number

3    substantially. Upon information and belief, Plaintiffs alleges BURLINGTON COAT

4    FACTORY WAREHOUSE CORPORATION'S and/or DOES' employment records will

5    provide information as to the number and location of all Class members. Joinder of all

6    members of the proposed Class is not practicable.

7    **B.    Commonality.**

8    59.   There are questions of law and fact common to the Class that predominate over any

9    questions affecting only individual Class members. These common questions of law and

10   fact include, without limitation:

11        (1)   Whether   BURLINGTON   COAT   FACTORY

12   WAREHOUSE CORPORATION and/or DOES violated the Labor Code

13   and/or applicable IWC Wage Orders in failing to pay its non-exempt

14   workers all earned wages at the regular rate for all hours worked.

15        (2)   Whether   BURLINGTON   COAT   FACTORY

16   WAREHOUSE CORPORATION'S and/or DOES' uniform policies

17   and/or practices whereby non-exempt workers were pressured and/or

18   incentivized to forego taking meal and/or rest periods.

19        (3)   Whether   BURLINGTON   COAT   FACTORY

20   WAREHOUSE CORPORATION and/or DOES violated Labor Code

21   section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC

22   Wage Orders, and/or California Code of Regulations, Title 8, section

23   11090, by failing to authorize, permit, and/or provide rest periods to its

24   hourly, non-exempt employees for every four (4) hours or major fraction

25   thereof worked and/or failing to pay said employees one (1) hour of pay at

26   the employee's regular rate of compensation for each work day that the

27   rest period was not authorized, permitted and/or provided.

28        (4)   Whether   BURLINGTON   COAT   FACTORY

AMENDED CLASS ACTION COMPLAINT          15

WAREHOUSE CORPORATION and/or DOES violated Labor Code section 226.7 and/or California Code of Regulations, Title 8, section 3395, by failing to authorize, permit, and/or provide recovery periods to its hourly, non-exempt employees in accordance with section 3395.

(5)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employ or who were terminated.

(6)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employ or who were terminated.

(7)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8)     Whether     BURLINGTON     COAT     FACTORY WAREHOUSE CORPORATION and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' employ or who were terminated.

60.    The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

61.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.**      **Typicality**.

62.    The claims of the named Plaintiffs are typical of the claims of the proposed class. Plaintiffs and all members of the proposed class sustained injuries and damages arising out of and caused by BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

63.    Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ were subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as AMANDA GONZALEZ AND AUDRIANA GONZALEZ were subjected to the same unlawful policies and practices as all hourly non-exempt employees, their claims are typical of the class they seek to represent.

**D.**    **Adequacy of Representation**.

64.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

65.    Plaintiffs are ready and willing to take the time necessary to help litigate this case.

66.    Plaintiffs have no conflicts that will disallow them to fairly and adequately represent and protect the interests of the members of the Class.

67.    Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

68.    Specifically, David Mara, Esq., Jamie Serb, Esq., Tony Roberts, Esq., are California lawyers in good standing.

69.    Mr. Mara frequently authors amicus briefs in important appellate and California Supreme Court cases affecting workers in the State of California, which includes the following California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257 and *Williams v. Superior Court* (decided July 13, 2017), *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004; and *Frlekin v. Apple*, Cal.Sup.Case No. S243805.

70.    Mr. Mara has been appointed class counsel in numerous California wage and hour class actions such as this.

71.     Mara Law Firm, PC has the resources to take this case to trial and judgment, if necessary.

72.     Mara Law Firm, PC has the experience, ability, and ways and means to vigorously prosecute this case.

**E.      Superiority of Class Action.**

73.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, failing to provide personnel records, failing to produce wage records, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

74.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

75.     Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

**IV.     CAUSES OF ACTION**

**First Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Pay All Straight Time Wages**

76.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

77.     Defendant and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.

78. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

79. Plaintiffs and those similarly situated Class members were employed by BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES at all relevant times. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

80. Defendant and/or DOES have a continuous and consistent policy of clocking-out Plaintiffs and those similarly situated for a thirty (30) minute meal period, even though Plaintiffs and all members of the Class work through their meal periods. Thus, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES do not pay Plaintiffs and each and every member of the Class for all time worked each and every day they work without a meal period and have time deducted.

81. Plaintiffs and those similarly situated Class members are informed and believe and thereon allege that BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiffs' and the Class members' actual time records indicate that a meal period was not taken. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiffs and Class members. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law.

82.  Defendant and/or DOES have a continuous and consistent policy of not paying Plaintiffs and those similarly situated for all time worked, including before Plaintiffs and those similarly situated clock in for work shifts and after they clock out after work shifts.

83.  Defendant and/or DOES have a continuous and consistent policy of shaving the time Plaintiffs and those similarly situated work (referred to as "time shaving").

84.  Thus, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES shave/steal earned wages from Plaintiffs and each and every member of the Class each and every day they work. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have not paid Plaintiffs and the members of the Class all straight time wages owed.

85.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have required off-the-clock work by forcing Plaintiffs and class members to undergo a security check when entering or exiting the building pre-shift, post-shift, and during rest periods and unpaid meal periods. Plaintiffs and class members have been forced to wait through long-lines for BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES to inspect their clothes and/or check their bags. As such, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have exercised compensable control over Plaintiffs and class members subject to mandatory searches and owe Plaintiffs and class members wages for time spent undergoing the security process.

86.  Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES to

1  fully perform their obligations under state law, all to their respective damage in amounts,

2  according to proof at trial.

3  87.  As a direct result of BURLINGTON COAT FACTORY WAREHOUSE

4  CORPORATION'S and/or DOES' policy of illegal wage theft, Plaintiffs and those

5  similarly situated have been damaged in an amount to be proven at trial.

6  88.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

7  below.

8  **Second Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

9  **CORPORATION and/or DOES: Failure to Pay All Overtime Wages**

10  89.  Plaintiffs and those similarly situated Class members hereby incorporate by reference

11  each and every other paragraph in this Complaint herein as if fully plead.

12  90.  It is fundamental that an employer must pay its employees for all time worked. California

13  Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

14  Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section

15  223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code

16  section 1197 prohibits the payment of less than the minimum wage. Labor Code section

17  224 only permits deductions from wages when the employer is required or empowered to

18  do so by state or federal law or when the deduction is expressly authorized in writing by

19  the employee for specified purposes that do not have the effect of reducing the agreed

20  upon wage.

21  91.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

22  failed to pay overtime when employees worked over eight (8) hours per day and when

23  employees worked over forty (40) hours per week.

24  92.  Plaintiffs and those similarly situated Class members were employed by BURLINGTON

25  COAT FACTORY WAREHOUSE CORPORATION and/or DOES at all relevant times.

26  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

27  were required to compensate Plaintiffs for all overtime hours worked and were prohibited

28  from making deductions that had the effect of reducing the agreed upon wage.

93. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

94. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have required off-the-clock work by forcing Plaintiffs and class members to undergo a security check when entering or exiting the building pre-shift, post-shift, and during rest periods and unpaid meal periods. Plaintiffs and class members have been forced to wait through long-lines for BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES to inspect their clothes and/or check their bags. As such, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have exercised compensable control over Plaintiffs and class members subject to mandatory searches and owe Plaintiffs and class members wages for time spent undergoing the security process. These unpaid time wages have also resulted in unpaid overtime in qualifying shifts.

95. Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid overtime wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to compel BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs and the Class members. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES acted with malice or in conscious disregard of Plaintiffs' and the Class Member's rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

96. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

1   below.

2   **Third Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

3   **CORPORATION and/or DOES: Failure to Provide Meal Periods, or Compensation in**

4   **Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs.,**

5   **tit. 8, § 11090)**

6   97.   Plaintiffs and those similarly situated Class members hereby incorporate by reference

7         each and every other paragraph in this Complaint herein as if fully plead.

8   98.   Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall

9         employ any person for a work period of more than five (5) hours without providing a

10        meal period of not less than thirty (30) minutes. During this meal periods of not less than

11        thirty (30) minutes, the employee is to be completely free of the employer's control and

12        must not perform any work for the employer. If the employee does perform work for the

13        employer during the thirty (30) minute meal period, the employee has not been provided

14        a meal period in accordance with the law. Also, the employee is to be compensated for

15        any work performed during the thirty (30) minute meal period.

16  99.   In addition, an employer may not employ an employee for a work period of more than ten

17        (10) hours per day without providing the employee with another meal period of less than

18        thirty (30) minutes.

19  100.  Under California Labor Code section 226.7, if the employer does not provide an

20        employee a meal period in accordance with the above requirements, the employer shall

21        pay the employee one (1) hour of pay at the employee's regular rate of compensation for

22        each workday that the meal period is not provided.

23  101.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

24        failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt

25        Employees who worked for work periods of more than five (5) consecutive hours. As

26        such, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

27        DOES non-exempt employees were required to work over five (5) consecutive hours at a

28        time without being provided a thirty (30) minute uninterrupted meal period within that

1    time.

2    102.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

3          failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt

4          Employees for every five (5) continuous hours worked.

5    103.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES'

6          business model is such that Non-Exempt Employees were assigned too much work and

7          insufficient help due to chronic understaffing to be able to take meal periods. Thus, Non-

8          Exempt Employees are not able to take meal periods.

9    104.   Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE

10         CORPORATION and/or DOES had a pattern and practice of assigning too much work to

11         be completed in too short of time frames, resulting in Plaintiffs and those similarly

12         situated not being able to take meal periods.

13   105.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

14         would not permit Plaintiffs and the Class to take 30-minute meal periods unless

15         specifically scheduled by Defendant and/or DOES or unless Plaintiffs and the Class were

16         expressly told to by Defendant and/or DOES. This routinely resulted in Plaintiffs and the

17         Class members not being able to take a meal period, if at all, until after the fifth hour.

18   106.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES did

19         not have a policy of providing a second meal period before the end of the tenth hour.

20   107.   In the alternative, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

21         and/or DOES have implemented a policy requiring Plaintiffs and class members to

22         undergo a security check when entering or exiting the distribution centers, including

23         during meal periods. Plaintiffs and class members have been forced to wait through long

24         lines for BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

25         DOES to inspect their clothes and/or check their bags. The security check process has

26         resulted in BURLINGTON COAT FACTORY WAREHOUSE CORPORATION's

27         and/or DOES' failing to provide meal periods—much less full thirty-minute meal

28         periods.  As  such,  BURLINGTON  COAT  FACTORY  WAREHOUSE

CORPORATION's and/or DOES' have prevented Plaintiffs and class members from using meal period time effectively for their own purposes free from the employer control.

108. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 9.

109. As a result of the unlawful acts of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001. Plaintiffs and the Class they seek to represent did not willfully waive their right to take meal periods through mutual consent with BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES.

110. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fourth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

111. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

112. Under IWC Wage Order No. 9, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

113. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall

1    pay the employee one (1) hour of pay at the employee's regular rate of compensation for

2    each workday that the meal period is not provided.

3    114.   At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest

4    period time based upon the total hours worked daily at the rate of ten (10) minutes net

5    rest time per four (4) hours or major fraction thereof.

6    115.   In the alternative, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

7    and/or DOES business model was such that Non-Exempt Employees were assigned too

8    much work with insufficient help due to chronic understaffing whereby Plaintiffs and the

9    Class had to work through their rest periods.

10   116.   Throughout the statutory period, BURLINGTON COAT FACTORY WAREHOUSE

11   CORPORATION and/or DOES had a pattern and practice of assigning too much work to

12   be completed in too short of time frames, resulting in Plaintiffs and those similarly

13   situated not being able to take rest periods.

14   117.   In the alternative, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

15   and/or DOES have implemented a policy requiring Plaintiffs and class members to

16   undergo a security check when entering or exiting the distribution centers, including

17   during rest breaks. Plaintiffs and the class members have been forced to wait through

18   long-lines for BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

19   and/or DOES to inspect the clothes on their body and/or conduct bag-checks. As such,

20   Plaintiffs and class members have not been able to leave the distribution center's

21   premises and use their break time effectively for their own purposes free from the

22   employer control. If Plaintiffs and class members leave during a rest period, they must

23   submit themselves to the company's controlling and invasive searches. BURLINGTON

24   COAT FACTORY WAREHOUSE CORPORATION and/or DOES have thereby, as a

25   matter of policy and practice, prevented Plaintiffs and class members from using all their

26   break time free of employer control for off-plant pursuits.

27   118.   As a result of the unlawful acts of BURLINGTON COAT FACTORY WAREHOUSE

28   CORPORATION and/or DOES, Plaintiffs and the Class they seek to represent have been

1    deprived of premium wages, in amounts to be determined at trial, and are entitled to

2    recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,

3    pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001.

4    119.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

5    below.

6    **Fifth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

7    **CORPORATION and/or DOES:** Failure to Provide Recovery Periods (Lab. Code § 226.7;

8    **Cal. Code Regs. Title 8 § 3395)**

9    120.    Plaintiffs and those similarly situated Class members hereby incorporate by reference

10   each and every other paragraph in this Complaint herein, as if fully plead.

11   121.    Under California Code of Regulations, Title 8, section 3395(d)(1), "[w]hen the outdoor

12   temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and

13   maintain one or more areas with shade at all times while employees are present that are

14   either open to the air or provided with ventilation or cooling." Cal. Code of Reg. Title 8,

15   § 3395(d)(1).  Furthermore, "[t]he amount of shade present shall be at least enough to

16   accommodate the number of employees on recovery or rest periods, so that they can sit in

17   a normal posture fully in the shade without having to be in physical contact with each

18   other." *Id*.

19   122.    "Employees shall be allowed and encouraged to take a preventative cool-down rest in the

20   shade when they feel need to do so to protect themselves from overheating." Cal. Code of

21   Reg. Title 8, § 3395(d)(3). "Such access to shade shall be permitted at all times." *Id*.

22   123.    BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

23   failed to permit access to shade and preventative cool down rest and/or recovery periods

24   to Plaintiffs and the Class members when the temperature reached eighty (80) degrees

25   Fahrenheit.  However, DEFENDANTS  BURLINGTON  COAT  FACTORY

26   WAREHOUSE CORPORATION and/or DOES do not allow and encourage Plaintiffs

27   and the Class members to take preventative cool-down rest recovery periods in shaded

28   areas  when  the  applicable  temperatures  are  reached.  Thus,  DEFENDANTS

1   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

2   failed to permit, allow, or encourage Plaintiffs and the Class members to take

3   preventative cool down recovery periods in the shade to protect against overheating when

4   the temperature exceeds eighty (80) degrees Fahrenheit.

5   124.   DEFENDANTS BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

6   and/or DOES failed to utilize any alternative procedures for providing access to shade or

7   equivalent protection to Plaintiffs and the Class members. DEFENDANTS

8   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

9   failed to implement other cooling measures in lieu of shade at least as effective as shade

10   in allowing employees to cool.

11   125.   Therefore, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

12   DOES failed to provide preventative cool down rest and/or recovery periods to Plaintiffs

13   and the Class members in accordance with California Code of Regulations, Title 8,

14   section 3395.

15   126.   As a result of the unlawful acts of BURLINGTON COAT FACTORY WAREHOUSE

16   CORPORATION and/or DOES, Plaintiffs and the Class they seek e seeks to represent

17   have been deprived of premium wages, in amounts to be determined at trial, and are

18   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees

19   and costs, pursuant to Labor Code section 226.7.

20   127.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

21   below.

22   **Sixth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

23   **CORPORATION and/or DOES: Knowing and Intentional Failure to Comply with**

24   **Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage**

25   **Order No. 9; Cal. Code Regs., Title 8, § 11040)**

26   128.   Plaintiffs and those similarly situated Class members hereby incorporate by reference

27   each and every other paragraph in this Complaint herein as if fully plead.

28   129.   Labor Code section 226 subdivision (a) requires Defendant and/or DOES to, inter alia,

1  itemize in wage statements and accurately report the total hours worked and total wages
2  earned. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or
3  DOES have knowingly and intentionally failed to comply with Labor Code section 226,
4  subdivision (a), on each and every wage statement provided to Plaintiffs AMANDA
5  GONZALEZ AND AUDRIANA GONZALEZ and members of the proposed Class.

6  130.  Labor Code section 1174 requires BURLINGTON COAT FACTORY WAREHOUSE
7  CORPORATION and/or DOES to maintain and preserve, in a centralized location,
8  records showing the daily hours worked by and the wages paid to its employees.
9  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
10  have knowingly and intentionally failed to comply with Labor Code section 1174. The
11  failure of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or
12  DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant
13  to Labor Code section 1175.

14  131.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
15  failed to maintain accurate time records - as required by IWC Wage Order No. 9-2001(7),
16  and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the
17  employee begins and ends each work period, the total daily hours worked in itemized
18  wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

19  132.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES
20  have knowingly and intentionally failed to provide Plaintiffs and the Class members with
21  accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours
22  worked by the employee, . . . (4) all deductions, provided that all deductions made on
23  written orders of the employee may be aggregated and shown as one item, (5) net wages
24  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name
25  of the employee and only the last four digits of his or her social security number or an
26  employee identification number other than a social security number, (8) the name and
27  address of the legal entity that is the employer and, if the employer is a farm labor
28  contractor, as defined in subdivision (b) of Section 1682, the name and address of the

1  legal entity that secured the services of the employer, and (9) all applicable hourly rates

2  in effect during the pay period and the corresponding number of hours worked at each

3  hourly rate by the employee[.]" Labor Code section 226(a).

4  133.  As a direct result of BURLINGTON COAT FACTORY WAREHOUSE

5  CORPORATION and/or DOES unlawful acts, Plaintiffs and the Class they intend to

6  represent have been damaged and are entitled to recovery of such amounts, plus interest

7  thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

8  134.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

9  below.

10  **Seventh Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

11  **CORPORATION and/or DOES: Failure to Pay All Wages Due at the Time of Termination**

12  **from Employment (Lab. Code §§ 201-203)**

13  135.  Plaintiffs and those similarly situated Class members hereby incorporate by reference

14  each and every other paragraph in this Complaint herein as if fully plead.

15  136.  Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ terminated their

16  employment with BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

17  and/or DOES.

18  137.  Whether Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ voluntarily

19  or involuntarily terminated their employment with BURLINGTON COAT FACTORY

20  WAREHOUSE CORPORATION and/or DOES, Defendant and/or DOES did not timely

21  pay their straight time wages owed at the time of their termination.

22  138.  Whether Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ voluntarily

23  or involuntarily terminated their employment with BURLINGTON COAT FACTORY

24  WAREHOUSE CORPORATION and/or DOES, Defendant and/or DOES did not timely

25  pay their overtime wages owed at the time of their termination.

26  139.  Whether Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ voluntarily

27  or involuntarily terminated their employment with BURLINGTON COAT FACTORY

28  WAREHOUSE CORPORATION and/or DOES, Defendant and/or DOES did not timely

1    pay their meal and/or rest period premiums owed at the time of their termination.

2  140.  Numerous members of the Class are no longer employed by BURLINGTON COAT

3        FACTORY WAREHOUSE CORPORATION and/or DOES. They were either fired or

4        quit BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or

5        DOES' employ. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

6        and/or DOES did not pay all timely wages owed at the time of their termination.

7        BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES did

8        not pay all premium wages owed at the time of their termination.

9  141.  Labor Code section 203 provides that, if an employer willfully fails to pay, without

10       abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and

11       205.5, any wages of an employee who is discharged or who quits, the wages of the

12       employee shall continue at the same rate, for up to thirty (30) days from the due date

13       thereof, until paid or until an action therefore is commenced.

14  142.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

15        failed to pay Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ a sum

16        certain at the time of their termination or within seventy-two (72) hours of their

17        resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to

18        the provisions of Labor Code section 203, Plaintiffs AMANDA GONZALEZ AND

19        AUDRIANA GONZALEZ are entitled to a penalty in the amount of their daily wage,

20        multiplied by thirty (30) days.

21  143.  When Plaintiffs and those members of the Class who are former employees of

22        BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

23        separated from Defendant's and/or DOES' employ, Defendant and/or DOES willfully

24        failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest

25        period premiums owed at the time of termination.

26  144.  BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

27        failure to pay said wages to Plaintiffs AMANDA GONZALEZ AND AUDRIANA

28        GONZALEZ and members of the Class they seek to represent, was willful in that

1   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES and

2   each of them knew the wages to be due, but failed to pay them.

3   145.   As a consequence of BURLINGTON COAT FACTORY WAREHOUSE

4   CORPORATION'S and/or DOES' willful conduct in not paying wages owed at the time

5   of separation from employment, Plaintiffs AMANDA GONZALEZ AND AUDRIANA

6   GONZALEZ and members of the proposed Class are entitled to thirty (30) days' worth of

7   wages as a penalty under Labor Code section 203, together with interest thereon and

8   attorneys' fees and costs.

9   146.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

10   below.

11   **Eighth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

12   **CORPORATION and/or DOES**: Violation of Unfair Competition Law (California Bus. &

13   Prof. Code, § 17200, et seq.)

14   147.   Plaintiffs and those similarly situated Class members hereby incorporate by reference

15   each and every other paragraph in this Complaint herein as if fully plead.

16   148.   BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES

17   failure to pay all straight time and overtime wages earned, failure to provide compliant

18   meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep

19   accurate records, failure to pay all wages due at time of termination, as alleged herein,

20   constitutes unlawful activity prohibited by California Business and Professions Code

21   section 17200, et seq.

22   149.   The actions of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

23   and/or DOES in failing to pay Plaintiffs and members of the proposed Class in a lawful

24   manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business

25   practices, within the meaning of California Business and Professions Code section 17200,

26   et seq.

27   150.   Plaintiffs are entitled to an injunction and other equitable relief against such unlawful

28   practices in order to prevent future damage, for which there is no adequate remedy at law,

and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as members of the general public actually harmed and as a representative of all others subject to BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES unlawful acts and practices.

151. As a result of their unlawful acts, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they seek to represent. BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiffs and members of the proposed Class.

152. Plaintiffs are informed and believe, and thereon alleges, that Plaintiffs and members of the proposed class are prejudiced BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES unfair trade practices.

153. As a direct and proximate result of the unfair business practices of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and enjoining BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES from engaging in the practices described herein.

154. The illegal conduct alleged herein is continuing, and there is no indication that BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES will cease and desist from such activity in the future. Plaintiffs alleges that if BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES are not enjoined

1  from the conduct set forth in this Complaint, they will continue the unlawful activity

2  discussed herein.

3  155.  Plaintiffs further requests that the Court issue a preliminary and permanent injunction

4  prohibiting BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or

5  DOES from continuing to not pay Plaintiffs and the members of the proposed Class

6  overtime wages as discussed herein.

7  156.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

8  below.

9  **Ninth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

10  **CORPORATION and/or DOES: Failure to Provide Personnel Records Within 30 Days of**

11  **Receiving Personnel File Requests from Employees (Lab. Code § 1198.5)**

12  157.  Plaintiffs and those similarly situated Class members hereby incorporate by reference

13  each and every other paragraph in this Complaint herein as if fully plead.

14  158.  Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ requested their

15  personnel records and did not receive them.

16  159.  California law provides that current and former employees, as a matter of right, are

17  entitled to inspect and receive a copy of their personnel files and records. Pursuant to

18  Labor Code Section 1198.5, upon a written request from a current or former employee, or

19  a representative, the employer shall provide a copy of the personnel records not less than

20  30 calendar days from the date the employer receives the request.

21  (a) Every current and former employee, or his or her
22  representative, has the right to inspect and receive a copy of the
23  personnel records that the employer maintains relating to the
   employee's performance or to any grievance concerning the
   employee.
24  (b) (1) The employer shall make the contents of those personnel
25  records available for inspection to the current or former employee,
   or his or her representative, at reasonable intervals and at
26  reasonable times, but not later than 30 calendar days from the date
   the employer receives a written request, unless the current or
27  former employee, or his or her representative, and the employer
   agree in writing to a date beyond 30 calendar days to inspect the
28  records, and the agreed-upon date does not exceed 35 calendar

days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request.

(Lab. Code § 1198.5)

160. Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ submitted a written Personal File Request to BURLINGTON COAT FACTORY WAREHOUSE CORPORATION on October 2, 2017 and September 27, 2017, respectively, via U.S. Mail. To date, Plaintiffs have not received their personnel files from Defendants BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES.

161. By failing to provide employees with personnel records within thirty (30) days of receiving an employee's personnel file request, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES willfully violated the provisions of *Labor Code* section 1198.5.

162. Pursuant to *California Labor Code* section 1198.5(k), "[i]f an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer."

163. As a consequence of BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S and/or DOES' willful conduct in not providing personnel records within 30 days of the request for the records, Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ and members of the proposed Class are entitled to penalties as set forth in *Labor Code* section 2699.5 for violations of section 1198.5.

164. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

1   **Tenth Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

2   **CORPORATION and/or DOES: Failure to Provide Wage Records Within 21 Days of**

3   **Receiving Requests from Employees (Lab. Code § 226(f))**

4   165.   Plaintiffs and those similarly situated Class members hereby incorporate by reference

5          each and every other paragraph in this Complaint herein as if fully plead.

6   166.   Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ requested their

7          wage records and did not receive them.

8   167.   California law provides that current and former employees, as a matter of right, are

9          entitled to inspect and receive a copy of their wage records. Pursuant to Labor Code

10         Section 226(f), upon a written request from a current or former employee, or a

11         representative, the employer shall provide a copy of the personnel records not less than

12         21 calendar days from the date the employer receives the request.

13  168.   Pursuant to *California Labor Code* section 226(f), "A failure by an employer to permit a

14         current or former employee to inspect or copy records within the time set forth in

15         subdivision (c) entitles the current or former employee or the Labor Commissioner to

16         recover a seven-hundred-fifty-dollar ($750) penalty from the employer."

17  169.   Plaintiffs AMANDA GONZALEZ AND AUDRIANA GONZALEZ submitted a written

18         Wage Records Request to BURLINGTON COAT FACTORY WAREHOUSE

19         CORPORATION on October 2, 2017 and September 27, 2017, respectively, via U.S.

20         Mail. To date, Plaintiffs have not received their wage records from Defendants

21         BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and/or DOES.

22  170.   By failing to provide employees with wage records within thirty (21) days of receiving an

23         employee's request, BURLINGTON COAT FACTORY WAREHOUSE

24         CORPORATION and/or DOES willfully violated the provisions of *Labor Code* section

25         226(f).

26  171.   As a consequence of BURLINGTON COAT FACTORY WAREHOUSE

27         CORPORATION'S and/or DOES' willful conduct in not providing wage records within

28         21 days of the request for the records, Plaintiffs AMANDA GONZALEZ AND

1    AUDRIANA GONZALEZ and members of the proposed Class are entitled to penalties

2    as set forth in *Labor Code* section 226(f).

3    172.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

4    below.

5    **Eleventh Cause of Action Against BURLINGTON COAT FACTORY WAREHOUSE**

6    **CORPORATION and/or DOES: Violations of The Private Attorneys General Act of 2004**

7    **("PAGA") (Labor Code §2698 et seq.)**

8    173.   Plaintiffs and those similarly situated Class members hereby incorporate by reference

9    each paragraph in this Complaint herein as if fully plead.

10   174.   Plaintiffs, by virtue of their services provided to BURLINGTON COAT FACTORY

11   WAREHOUSE CORPORATION and/or DOES, and BURLINGTON COAT FACTORY

12   WAREHOUSE CORPORATION'S and/or DOES' failure to provide meal and rest

13   periods, all wages for all work performed at the statutory minimum agreed upon rate, and

14   all wages due at termination, are aggrieved employees with standing to bring an action

15   under the Private Attorney General Act ("PAGA").  Plaintiffs, as representative of the

16   people of the State of California, will seek any and all penalties otherwise capable of

17   being collected by the Labor Commission and/or the Department of Labor Standards

18   Enforcement (DLSE). This includes each of the following, as set forth in Labor Code

19   Section 2699.5, which provides that Section 2699.3(a) applies to any alleged violation of

20   the following provisions: Sections 201 through 203, 204, 205.5, 221, 222, 223, 226,

21   226.7, 227.3, 512, 558, 1174, 1194, 1197, 1197.1, and 1199.

22   175.   Plaintiffs   are   informed   and   believe   that   BURLINGTON   COAT   FACTORY

23   WAREHOUSE CORPORATION and/or DOES has violated and continues to violate

24   provisions of the California Labor Code and applicable Wage Orders related to straight

25   time, overtime, minimum wage, meal and rest breaks, recovery periods, wage statements,

26   waiting time penalties.

27   176.   Plaintiffs, as personal representatives of the general public, will and do seek to recover

28   any and all penalties for each and every violation shown to exist or to have occurred

during the one-year period of filing this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Funds recovered will be distributed in accordance with PAGA, with at least 75% of the penalties recovered being reimbursed to the State of California and the Labor and Workforce Development Agency (LWDA).

## V.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    For compensatory damages, in an amount according to proof at trial, with interest thereon;

3.    For economic and/or special damages in an amount according to proof with interest thereon;

4.    For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5.    For compensation for all time worked;

6.    For compensation for not being provided paid rest breaks;

7.    For compensation for not being provided paid meal periods;

8.    For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9.    For all waiting time penalties owed;

10.   For penalties as stated in *Labor Code* section 2699.5 for violations of section 1198.5, for not being provided personnel files within 30 days of the request;

11.   For penalties as stated in *Labor Code* section 226(f) for not being provided wage records within 21 days of the request;

12.   That Defendant be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

13.   That Defendant be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld

1   wages pursuant to California Business and Professions Code sections 17203 and

2   17204;

3   14.   That an order of specific performance of all penalties owed be issued under

4   Business and Professions Code sections 17202;

5   15.   That Defendant be enjoined from continuing the illegal course of conduct, alleged

6   herein;

7   16.   That Defendant further be enjoined to cease and desist from unfair competition in

8   violation of section 17200 et seq. of the California Business and Professions

9   Code;

10   17.   That Defendant be enjoined from further acts of restraint of trade or unfair

11   competition;

12   18.   For attorneys' fees;

13   19.   For interest accrued to date;

14   20.   For penalties for each violation of the Labor Code Private Attorneys General Act

15   of 2004 ("PAGA");

16   21.   For costs of suit and expenses incurred herein; and

17   22.   For any such other and further relief as the Court deems just and proper.

18   **<u>DEMAND FOR JURY TRIAL</u>**

19   Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

20

21   Dated: June 17, 2020                          **MARA LAW FIRM, PC**

22

23   _/s/ *David Mara*_
     David Mara, Esq.
     Jamie Serb, Esq.

24   Tony Roberts, Esq.

25   Representing Plaintiffs AMANDA GONZALEZ
     AND AUDRIANA GONZALEZ on behalf of

26   themselves, all others similarly situated,
     and on behalf of the general public.

27

28